## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Jason Franco, Abigail Franco, Misty M. Lacy, and John D. Baker individually and on behalf of all other similarly situated class and subclass members,<br><br>    Plaintiffs,<br><br>  v.<br><br>Chobani, LLC<br><br>    Defendant. | **Case No.**  1:23-cv-3047<br><br>**JURY DEMANDED** |

## <u>CLASS ACTION COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiffs, Jason Franco, Abigail Franco, Misty M. Lacy and John D. Baker, by and through their attorneys, Rathje Woodward LLC and Burke Law Offices LLC, and for their class action complaint against Defendant Chobani, LLC ("Chobani" or "Defendant") state as follows:

## INTRODUCTION

1.     This case is about the deceptive package labeling of CHOBANI ZERO SUGAR yogurt.

2.     This product is sold in approximately 95,000 retail locations across the United States, including in Illinois.  The package labeling looks like this:



3.     Every serving of CHOBANI ZERO SUGAR yogurt is sweetened with 4 grams of allulose.

4.     Allulose is a naturally occurring sugar found in figs, raisins, wheat, maple syrup and molasses.[1]

---

[1]Cleveland Clinic Health Essentials: https://health.clevelandclinic.org/what-is-allulose
/#:~:text=Allulose%20is%20a%20naturally%20occurring,of%20sugar's%20well%2Ddocumented%20d
ownsides.

5.     This is a straightforward case. Defendant has sold millions of containers of yogurt to unsuspecting consumers by telling them that it has "zero sugar" and "no sugar." As it turns out, CHOBANI ZERO SUGAR contains quite a lot of sugar. Selling consumers a food product that is intentionally mislabeled and intended to deceive them violates a whole host of laws, including consumer fraud and false advertising laws that have been enacted by state legislatures across the country. It is also just plain wrong.

6.     This complaint seeks relief for Plaintiffs and the nationwide class and state specific subclasses described below, and asserts causes of action for (i) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, (ii) violations of similar consumer protection laws and Little-FTC Acts enacted in the other states specified below, (iii) money had and received, (iv) unjust enrichment, and (v) declaratory relief.

7.     There is no such thing as "zero sugar" allulose; it doesn't exist. To peddle this contradiction in terms, Defendant deceived the public through misleading packaging statements and labels. This deception earned them many millions of dollars, while doing substantial damage to a broad class of consumers across the country.

---

*see also https://www.medicalnewstoday.com/articles/326198#_noHeaderPrefixedContent* ("Allulose is a type of sugar that resembles fructose, which is the sugar that occurs naturally in fruit.")

### PARTIES

8.     Plaintiff Jason Franco resides in DuPage County, Illinois. He is a high school math teacher and soccer coach who purchased Chobani's deceptively labeled product while doing his family's grocery shopping in DuPage County. He saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements while shopping for groceries at the Costco located at 1901 W. 22nd St., Oak Brook, Illinois.  In reliance on these deceptive labels, he purchased the product in 2023 because he reasonably believed that it contained zero sugar.

9.     Plaintiff Abigail Franco resides in DuPage County, Illinois. She purchased CHOBANI ZERO SUGAR yogurt in 2023 while shopping for herself and her family at the Costco located 1901 W. 22nd St., Oak Brook, Illinois. She saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements. In reliance on these deceptive labels, she purchased the product because she reasonably believed that it contained zero sugar.

10.     Plaintiff Misty M. Lacy resides in Pima County, Arizona. She purchased CHOBANI ZERO SUGAR yogurt in 2023 while shopping for herself and her family at the Safeway grocery store located at 10380 Broadway Blvd., Tucson, Arizona.  She saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements. In reliance on these deceptive labels, she purchased the product because she reasonably believed that it contained zero sugar.

11.     Plaintiff John D. Baker resides in Johnson County, Kansas. He purchased CHOBANI ZERO SUGAR yogurt in 2023 while shopping for himself and

his family at Cosentino's Market at 8051 W. 160th St. Overland Park, Kansas. He saw the CHOBANI ZERO SUGAR product labeling, including the "zero sugar" and "no sugar" labels and statements. In reliance on these deceptive labels, he purchased the product because he reasonably believed that it contained zero sugar.

12.     Defendant Chobani, LLC is a Delaware limited liability company with its principal executive office in Norwich, New York. It is identified on the CHOBANI ZERO SUGAR package labeling as the manufacturer of the product. To date, Plaintiffs have been unable to identify the complete citizenship of Chobani, LLC. According to the "S-1" form Chobani filed with the SEC, its direct and indirect members include other LLCs and unspecified members thereof.[2] However, in a recent filing before another Federal district court, Chobani averred that it is not a citizen of California for diversity purposes.

13.     On May 2, 2023, Defendant filed a Notice of Removal before another Federal Court in an unrelated class action proceeding in California state court. *See Gershzon, et al. v. Chobani LLC*, USDC, ND Cal. 3:23-cv-02140. In this Removal Notice, Chobani represented that minimal diversity existed between it and the proposed class of California consumers in that proceeding. *Id*. Here, the proposed Nationwide class is larger and more geographically diverse, and also includes many California residents. *A fortiori*, minimal diversity exists in this matter.

---

[2] *See* Chobani S-1 at *85,
https://www.sec.gov/Archives/edgar/data/1869113/000119312521332196/d138208ds1.htm#rom13820
8_5

**JURISDICTION AND VENUE**

14.     The Court has subject matter jurisdiction over the case pursuant to the Class Action Fairness Act, 28 U.S.C. §1332, because the case is brought as a class action under Fed. R. Civ. P. 23.

15.     Upon information and belief, at least one proposed Class member is of diverse citizenship from Defendant; the proposed Nationwide Class includes consumers in all 50 states (and federal territories), and the proposed California subclass includes citizens of California.

16.     The proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

17.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant engaged in substantial conduct relevant to Plaintiffs' claims within this District and has caused harm to Class members residing within this District.

**ALLEGATIONS OF FACT**

**I.      Defendant Has Deceptively Marketed and Labeled CHOBANI ZERO SUGAR Yogurt Across the Entirety of the United States**

18.     As set forth in more detail below, Defendant has engaged in a nationwide scheme to deceive consumers by selling them "zero sugar" yogurt that is actually made by adding sugar as a sweetener.

19.     This deception was carried out intentionally in a bid to enrich Chobani and its owners.

20.     And it largely worked; consumers across the country have been deceived into purchasing CHOBANI ZERO SUGAR based on the reasonable belief that it

5

contains "zero sugar." These consumers reasonably relied on Chobani's deceptive product labels and statements, and suffered damage because they were cheated out of the benefit of the bargain they believed they were making when purchasing the product.

21.     The scheme goes like this:

**A.      Chobani begins deceptively marketing CHOBANI ZERO SUGAR yogurt to boost profits in advance of a planned stock IPO.**

22.     Yogurt, the product of bacterial fermentation of milk, was discovered approximately 7,000 years ago. For the first 6,998 or so years, there was no such thing as "zero sugar" yogurt, because milk itself contains a fair amount of sugar in the form of lactose.

23.     Fast forward to 2021: Chobani, which since its founding had been a privately held company, was contemplating an initial public offering ("IPO").

24.     In order to maximize sales and obtain the largest possible profit from its IPO, Chobani introduced CHOBANI ZERO SUGAR into the marketplace.

25.     It proclaimed on the product labeling: "We did it – we took the sugar out of the milk!" and "This one-of-a-kind product has zero sugar."

26.     This was a big deal for Chobani. As its CEO explained, "CHOBANI ZERO SUGAR is the first nationally distributed product in the U.S. yogurt aisle [labeled] no sugar. You won't find another product on shelves nationwide in the U.S.

dairy aisle with 11 grams of protein and only natural ingredients, but no sugar or artificial sweeteners."[3]

27. This was a deliberate marketing strategy meant to capitalize on consumer demand by misleading consumers. It is well known that consumers have expressed a strong desire for "zero sugar" or "no sugar" products as part of recent healthy eating trends; consumer reports have determined that over 70% of Americans are trying to limit or avoid sugars in their diet.[4] Likewise, consumers are wary of products containing artificial sweeteners.

28. Tricking consumers into believing that CHOBANI ZERO SUGAR actually contained zero sugar was also key to Chobani's strategy to grow sales, and was a key selling point when marketing the Chobani IPO to potential new shareholders.

29. Chobani filed its IPO "Form S-1" with the Securities and Exchange Commission[5] as part of its planned IPO. This document contains a general description of Chobani's businesses, and is used to entice potential shareholders to participate in the IPO and acquire Chobani stock.

30. The S-1 is replete with references to CHOBANI ZERO SUGAR, which is specifically identified as a key part of Chobani's "New Product Platform

---

[3] *Chobani Launches Zero Sugar Line*, Diary Foods, June 15, 2021, https://www.dairyfoods.com/articles/95078-chobani-launches-zero-sugar-line
[4] International Food Information Council, 2022 Food and Health Survey, May 18, 2022, https://foodinsight.org/wp-content/uploads/2022/06/IFIC-2022-Food-and-Health-Survey-Report-May-2022.pdf
[5] U.S. Sec. & Exch Comm'n, Registration Statement, Chobani Inc. (2021) https://www.sec.gov/Archives/edgar/data/1869113/000095012321008491/filename1.htm.

Innovation." The S-1 goes on to explain that "Chobani with Zero Sugar has significant opportunity for growth."

31.     For that reason, in its bid to increase profits in advance of the IPO, Chobani focused its marketing on the "zero sugar" and "no sugar" claims. The CEO of Chobani explained, in his own words, that "on the packaging, we're really homing in on the zero sugar".[6]

32.     Here is an example of what "homing in" on zero sugar on the packaging looks like:



[6] Elaine Watson, *'We've Done Something Truly Disruptive' Chobani Launches Zero Sugar Yogurts An Industry First* Food Navigator, USA June 14, 2021, https://www.foodnavigator-usa.com/Article/2021/06/14/We-ve-done-something-truly-disruptive-Chobani-launches-zero-sugar-yogurts-an-industry-first



33. CHOBANI ZERO SUGAR is prominently labeled with statements claiming that it is "zero sugar," and has "no sugar." Additional examples of the deceptive labeling used to sell CHOBANI ZERO SUGAR are compiled and attached as Exhibit 1.

34. This is all a complete deception. In fact, CHOBANI ZERO SUGAR is sweetened by adding allulose to the yogurt.

**B. What is Allulose?**

35. Allulose is a sugar.

36. It is a naturally occurring sugar that sweetens things like raisins, maple syrup and brown sugar.[7]

---

[7] *A Clinical Study on the Effect of Allulose, a Low-Calorie Sugar, on in vivo Dental Plaque pH*, The Forsyth Inst., at p. 6 ("Allulose is a monosaccharide, or simple sugar, that naturally presents in small quantities in fruits like figs and raisins and a variety of sweet foods like caramel sauce, maple syrup and brown sugar") (2018).

37. Chemically, allulose is a monosaccharide epimer of fructose.

38. Allulose and fructose are both sugar carbohydrates that differ in the position of a single carbon atom. To illustrate, here is a diagram laying out the general chemical composition of allulose and fructose: [8]



Chemical structures of (a) D-allulose, (b) D-fructose

39. As a monosaccharide, it falls squarely within the Food and Drug Administration ("FDA")'s codified definition of sugar. 21 C.F.R. 101.9(c)(6)(ii)

40. Consistent with that regulatory definition, the FDA for years required allulose to be included in labeling declarations for Total Sugars, and Added Sugars.[9]

41. The FDA is not the only organization that recognizes that allulose is a sugar. Tate & Lyle, the ingredient manufacturer responsible for the production of most commercial grade allulose,[10] has acknowledged in multiple FDA filings that

---

[8] Han-Joo Maeng et al., 8 MDPI Journal 448, Foods, *Metabolic Stability of D-Allulose in Biorelevant Media and Hepatocytes: Comparison with Fructose and Erythritol*, October 1, 2019, https://www.researchgate.net/figure/Chemical-structures-of-a-D-allulose-b-D-fructose-c-D-glucose-and-d-erythritol_fig4_336222515
[9] U.S. Food & Drug Ass'n, *FDA Issues Draft Guidance Regarding the Declaration of Allulose on the Nutrition Facts Label*, FDA.gov, Constituent Update, April 17, 2019,
[10] Tate & Lyle's "Customer Innovation and Collaboration Centre" is in Hoffman Estates, outside Chicago, Illinois. This Illinois location is the "global headquarters of the Primary Products division"

10

"Allulose is a monosaccharide and is classified as a sugar." 4.10.15 Tate & Lyle Petition[11]; *see also* 8.13.18 Tate & Lyle Study[12] ("Allulose is a monosaccharide, or simple sugar, that naturally presents in small quantities in fruits like figs and raisins and a variety of sweet foods like caramel sauce, maple syrup and brown sugar.")

42.     Even the website "allulose.org" plainly states that "Allulose (also called psicose) is a low-calorie sugar."[13]

43.     CHOBANI ZERO SUGAR yogurt with allulose is really just yogurt sweetened with sugar; its very name is a lie.

## C.     There are important differences between consuming allulose and consuming "no sugar."

44.     Allulose has become popular with food manufacturers recently because some preliminary research suggests that it may metabolize in some people's bodies differently than some other sugars.

45.     However, there are important caveats and exceptions to this ongoing research.

46.     For example, while some studies have concluded that allulose has less harmful effects on the blood glucose level of healthy people when ingested and metabolized, those studies have concluded that "dose difference of allulose may result in a different effect," "the effect may differ by race as well as gender," and "there

---

of Tate & Lyle, as well as its "North American headquarters for [its] Food & Beverage Solutions division." https://www.tateandlyle.com/contact-us

[11] Citizen Petition Submitted by Tate & *Lyle Ingredients Americas LLC requesting that Allulose be Exempt From Being Included As a Carbohydrate, Sugar, or Added Sugar in the Nutrition Facts Label on Foods and Beverages*, April 10, 2015, Docket Number FDA-2015-P-1201

[12] 8.13.18 Tate & Lyle Study Pg. 6, https://www.regulations.gov/document/FDA-2015-P-1201-0014)

[13] Calorie Control Council, Frequently Asked Questions, https://allulose.org/allulose-info/low-calorie-sugar/

might be a difference between a liquid form and a solid form" of allulose.[14] Studies have concluded that further research is also needed to "factor into effects [of] the timing of an intake and its ratio of allulose in a meal"[15] and experts have concluded that "more research needs to be done."[16]

47. Consumption of allulose can also have gastrointestinal effects such as nausea, bloating, diarrhea, and abdominal pain.[17]

48. A large clinical trial conducted on gastrointestinal tolerance of allulose determined that, compared to traditional cane sugar, consumption of allulose resulted in "significantly higher frequencies of symptoms of diarrhea, abdominal distention, and abdominal pain."[18] Increasing the level of ingested allulose "resulted in incidences of severe nausea, abdominal pain, headache, anorexia, and diarrheal symptoms."[19]

## II. Plaintiffs' Claims Are Not Subject To Preemption Or Abstention

49. Plaintiffs are suing for violation of statutory state law because they were tricked into buying a product deceptively labeled "zero sugar" and "no sugar" that is actually made by adding sugar as a sweetener.

---

[14] Tani Yuma et al., *Allulose for the attenuation of postprandial blood glucose levels in healthy humans: A systematic review and meta-analysis*, 18 PLos One 4, (2023) https://journals.plos.org/plosone/article?id=10.1371/journal.pone.0281150
[15] *Id.*
[16] *Id.*
[17] Memorandum from Center for Science in the Public Interest to Food and Drug Administration (June 17, 2019) https://cspinet.org/sites/default/files/attachment/allulose%20final%20from%20CSPI.pdf
[18] Han Y, Choi BR, Kim SY, Kim SB, Kim YH, Kwon EY, & Choi M.S., *Gastrointestinal Tolerance of D-Allulose in Healthy and Young Adults. A Non-Randomized Controlled Trial. Nutrients.*, 2018 Dec 19;10(12):2010. doi: 10.3390/nu10122010. PMID: 30572580; PMCID: PMC6315886
[19] *Id.*

50.     Plaintiffs are not suing for any violation of FDA regulations.

51.     However, the deceptive labeling also violates federal laws and regulations regarding food labeling and packaging, such that Plaintiffs' state law claims are not subject to any preemption.

**A.      Federal Law prohibits Chobani's "Zero Sugar" and "No Sugar" Labels**

52.     Congress empowered the FDA to oversee and regulate food labeling by enacting the Food, Drug and Cosmetic Act, as amended by the Nutrition Label and Education Act. 21 U.S.C.A. § 301, *et seq.*

53.     These statutes allow the FDA to enact and enforce formal regulations, which the FDA has codified at Title 21 C.F.R. § 100.1 *et seq.*

54.     The FDA regulations draw a sharp distinction between two types of food label statements: (i) nutrition panel declarations and (ii) nutrient content claims.

55.     The FDA has established the well-known "nutrition panel," and tightly controls exactly what declarations may, and may not, appear within the four walls of this panel. *See, e.g.* 21 C.F.R. § 101.9

56.     None of Plaintiffs' claims relate to or depend on any declaration made within the nutrition panel of CHOBANI ZERO SUGAR yogurt.

57.     At issue in this case are the separate, deceptive, "nutrient content claims" that Chobani has plastered all over the packaging labels outside of the nutrition panel.

**B.**     **CHOBANI ZERO SUGAR Is Misbranded Because the Food Labeling Contains Impermissible Nutrient Content Claims.**

58.     Nutrient content claims are statements that "expressly or implicitly characterize the level of a nutrient" such as sugar. 21 C.F.R. § 101.13(b).[20] The "zero sugar" and "no sugar" statements that appear (repeatedly and prominently) on the CHOBANI ZERO SUGAR packaging are all nutrient content claims.

59.     Nutrient content claims are strictly forbidden ***unless*** specifically allowed under FDA regulations. 21 C.F.R. § 101.13 ("A claim that expressly or implicitly characterizes the level of a nutrient of the type required to be in nutrition labeling under § 101.9 or under § 101.36 (that is, a nutrient content claim) may not be made on the label or in labeling of foods unless the claim is made in accordance with this regulation and with the applicable regulations in subpart D.")

60.     The referenced "subpart D" in the foregoing excerpt refers to Title 21 CFR Ch.1 Subch. B Subpart D – shown below:



---

[20] By regulation, all declarations made within the nutrition panel are definitionally not nutrient content claims. 21 C.F.R. § 101.13(c) ("Information that is required or permitted by § 101.9 or § 101.36, as applicable, to be declared in nutrition labeling, and that appears as part of the nutrition label, is not a nutrient content claim and is not subject to the requirements of this section.") However, if a statement from inside the nutrition panel is repeated ***outside*** the nutrition panel, it then becomes a nutrient content claim and must adhere to the rules and regulations governing nutrient content claims. *Id.*

61.     Within Subpart D, Subsection 101.60 specifically governs the use of the nutrient content claims "zero sugar" and "no sugar" at issue in this case. *Id* §101.60(c)(1).

62.     Subsection 101.60(c)(1) of Subpart D lays out two[21] requirements; they must both be satisfied in order to label a food "zero sugar" or "no sugar."

63.     This regulation states that "a food may not be labeled with such terms unless:"

> "(i) The food contains less than 0.5 g of sugars, as defined in § 101.9(c)(6)(ii), per reference amount customarily consumed and per labeled serving or, in the case of a meal product or main dish product, less than 0.5 g of sugars per labeled serving; and

> (ii) The food contains no ingredient that is a sugar or that is generally understood by consumers to contain sugars unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of sugar," "adds a negligible amount of sugar," or "adds a dietarily insignificant amount of sugar"

> 21 C.F.R. § 101.60(c)(1)(i-ii).

64.     CHOBANI ZERO SUGAR violates both prongs of this test.[22]

---

[21] 21 CFR § 101.60(c)(1) includes a third requirement for use of these nutrient content claims; this third requirement is not at issue in this case and is not discussed in these allegations.
[22] There is a yet another reason why Defendant's labeling is impermissible under federal law such there is no valid preemption defense. Pursuant to 21 CFR 101.13(f), all nutrient content claims "shall be in a type size no larger than two times the statement of identity and shall not be unduly prominent in type style compared to the statement of identity." CHOBANI ZERO SUGAR's label egregiously violates this requirement as well.

### i. CHOBANI ZERO SUGAR fails 21 C.F.R. 101.60(c)(1)(i) because it contains much more than 0.5 grams of sugar

65. CHOBANI ZERO SUGAR fails the FDA nutrient content claim rules because it improperly excludes allulose from its calculation of sugar. When allulose is properly included as a sugar, the yogurt far exceeds the 0.5 gram threshold.

66. To determine the amount of sugar in a food, § 101.60(c)(1)(i) cross references another FDA regulation:

21 C.F.R. § 101.60

## § 101.60 Nutrient content claims for the calorie content of foods.

(c) Sugar content claims—

(1) Use of terms such as "sugar free," "free of sugar," "no sugar," "zero sugar," "without sugar," "sugarless," "trivial source of sugar," "negligible source of sugar," or "dietarily insignificant source of sugar." Consumers may reasonably be expected to regard terms that represent that the food contains no sugars or sweeteners e.g., "sugar free," or "no sugar," as indicating a product which is low in calories or significantly reduced in calories. Consequently, except as provided in paragraph (c)(2) of this section, a food may not be labeled with such terms unless:

(i) The food contains less than 0.5 g of sugars, as defined in § 101.9(c)(6)(ii), per reference amount customarily consumed and per labeled serving or, in the case of a meal product or main dish product, less than 0.5 g of sugars per labeled serving; and

> 21 C.F.R. 101.9(c)(6)(ii) defines how to calculate the amount of "sugar" in the food. If this defined formula results in more than 0.5 grams of sugar, the label may not include a "zero sugar" or "no sugar" nutrient content claim.

67. Turning to 21 C.F.R. 101.9(c)(6)(ii), sugar is defined as "the sum of all free mono- and disaccharides (such as glucose, fructose, lactose, and sucrose)." 21 C.F.R. 101.9(c)(6)(ii)

68. Allulose, as a monosaccharide epimer of fructose, falls squarely within this definition.

16

69.     This means the allulose in the CHOBANI ZERO SUGAR yogurt must be included when calculating the amount of sugar for purposes of the 0.5-gram threshold in 101.60(c)(1)(i).

### ii.     CHOBANI ZERO SUGAR Has At Least 4 Grams of Sugar in Each Serving

70.     Chobani does not list the amount of allulose contained in CHOBANI ZERO SUGAR on the product label, but it can be discovered if you do some digging on the Chobani website.

71.     Under the "products" section of the Chobani website[23] there is an option to expand an otherwise hidden nutrition panel.

72.     In a footnote at the bottom of the hidden nutrition panel, Chobani includes a calculation for "net carbs."

| Products   Recipes   Where to Buy | **Chobani.** | Newsroom   About   Impact | ⌕ |
|---|---|---|---|

|  |  |  |  |
|---|---|---|---|
| Nutritional highlights 5.3 oz | | | |
| **Zero Sugar\*** *Not a low calorie food* | **No artificial sweeteners** | **Calories** 60 | **Net Carbs†** 1g |

---

[23] For example, *see* Chobani.com, https://www.chobani.com/products/yogurt/zero-sugar/vanilla-cup

73.     This footnote reveals that every 5.3 ounce serving of CHOBANI ZERO SUGAR contain four grams of allulose[24]:



74.     This amount of allulose, by itself, is 8 times more than the FDA's threshold for labeling a product "zero sugar" or "no sugar" under 101.60(c)(1)(i).

**iii.     CHOBANI ZERO SUGAR Fails 101.60(c)(1)(ii) because it fails to denote "allulose" with an asterisk in the ingredient statement.**

75.     Chobani also fails the second prong governing its nutrient content claims.

76.     To be clear, the requirements of 101.60(c)(1) are conjunctive, and a violation of the first prong is sufficient to defeat preemption. But even if Chobani complied with (c)(1)(i) (and it doesn't), the nutrient content claims would still violate FDA regulations because Chobani also violates (c)(1)(ii).

---

[24] This amount of allulose per serving is the same for all CHOBANI ZERO SUGAR flavors listed on the Chobani.com website.

77.    Under this second prong, a food may only use the nutrient content claims "zero sugar" or "no sugar" if the "food contains no ingredient that is a sugar or that is generally understood by consumers to contain sugars unless the listing of the ingredient in the ingredient statement is followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of sugar," "adds a negligible amount of sugar," or "adds a dietarily insignificant amount of sugar." 21 C.F.R. § 101.60(c)(1)(ii).

78.    Below is a picture of the CHOBANI ZERO SUGAR ingredient statement. As the annotated arrows below show, Chobani correctly adhered to the requirements of (c)(1)(ii) for two of its ingredients, milk and juice concentrate, by including a sugar asterisk. Notably missing from the label, however, is any asterisk or notation for allulose, even though allulose "is a sugar." 101.60(c)(1)(ii).



79.    This is not just a technical violation. The violation of this second element is especially insidious when coupled with the blatant misrepresentations that Chobani makes on the front of the CHOBANI ZERO SUGAR packaging.

80.     Chobani labels CHOBANI ZERO SUGAR as "all natural," and has marketed it as containing "no sugar or artificial sweeteners." Taken together, the intended message is clear, the yogurt is not made with any real sugar or with any fake sugar.

81.     Allulose is not a common household name among consumers. In a 2021 marketing survey, only 15% of respondents had even heard of it, let alone knew it was a sugar.[25]

82.     Chobani accurately denotes other ingredients commonly known to contain sugar. Because Chobani disclaims the presence of any real sugars or artificial sweeteners elsewhere on the label, reasonable consumers are deceived into believing that they are buying a product that is not sweetened with sugar.

83.     But in fact, after milk and water, sugar is the third largest ingredient in CHOBANI ZERO SUGAR.

84.     Because CHOBANI ZERO SUGAR's label includes multiple, deceptive nutrient content claims, it is a "misbranded" product. 21 U.S.C.A. § 343(r).

85.     Because Plaintiffs' state law claims are based on the exact same deceptive nutrient content claims that cause CHOBANI ZERO SUGAR to be "misbranded" under federal law, there is no conflict between the two regimes and no preemption.

---

[25] *Perceptions and Use of Dietary Sweeteners*, International Food Information Council, FoodInsight.Org, May 2021, https://foodinsight.org/wp-content/uploads/2021/05/IFIC-Sweeteners-Survey.May-2021.pdf

## C. The FDA's 2020 Nonbinding Nutrition Panel Recommendations for Allulose do not change this result.

86. It is possible that Defendant may attempt to support a preemption or abstention defense by mischaracterizing a non-binding "recommendation" from the FDA published in 2020. This argument relies on a gross misunderstanding of the nonbinding recommendation.

87. Under the FDA's 2016 Nutrition Facts label rule, allulose was to be included in the nutrition panel declarations for Total Carbohydrates, Total Sugars, and Added Sugars.[26]

88. In 2019, the FDA issued a draft recommendation, made final in 2020, indicating that it would exercise "enforcement discretion" and refrain from punishing certain declarations regarding allulose, to the extent they are made ***within the four walls of the nutrition panel***.[27]

89. The 2020 recommendation begins with a prominent disclaimer noting that it merely "represents the current thinking of the [FDA]," it is "not binding on the FDA or the public" and "does not establish any rights for any person," and "should be viewed only as recommendations."[28]

> This guidance represents the current thinking of the Food and Drug Administration (FDA or we) on this topic. It does not establish any rights for any person and is not binding on FDA or the public. You can use an alternative approach if it satisfies the requirements of the applicable statutes and regulations. To discuss an alternative approach, contact the FDA staff responsible for this guidance as listed on the title page.

---

[26] Oct. 2020 FDA Recommendation re Allulose, attached as Exhibit 2, Pg. 3.
[27] *See generally Id.*
[28] *Id.* Pg. 1.

90.     Such nonbinding recommendations are insufficient to preempt state law.

91.     Further, the nonbinding recommendation does not amend any existing laws or regulations, nor does it make any assertion that allulose is not a "sugar" or that products containing it can be labeled "zero sugar" or "no sugar."  Nor have its recommendations ever been formalized into any final regulation or rule.

92.     The 2020 nutrition panel recommendations are clear that they are strictly limited to recommendations regarding things that occur within the four walls of the nutrition panel:

## I.    Introduction

This guidance provides our current view on the declaration of allulose on Nutrition and Supplement Facts labels, as well as on the caloric content of allulose.  This guidance also advises manufacturers of our intent to exercise enforcement discretion for the exclusion of allulose from the amount of "Total Sugars" and "Added Sugars" declared on the label and the use of a general factor of 0.4 calories per gram (kcal/g)[2] for allulose when determining "Calories" on the Nutrition and Supplement Facts labels pending review of the issues in a rulemaking.

93.     The non-binding recommendation is limited to the nutrition panel. It does not say anything about changing the rules regarding nutrient content claims. These rules, including the regulations governing the nutrient content claims "zero sugar" and "no sugar" remain in full force and effect, and are subject to enforcement as currently enacted.

94.     The 2020 recommendation does, however, reaffirm the FDA's view that allulose is a sugar, explaining that allulose "is a monosaccharide with a molecular

formula of C6H12O6, and is an epimer of D-fructose" and discusses the ongoing and evolving scientific research regarding "***sugars like allulose***".[29]

**D.** **The FDA Has Not Made Any Changes To The Existing Sugar Nutrient Content Claim Regulations.**

95.     This Court has jurisdiction over Plaintiffs' state law claims, and is capable of determining whether Chobani has engaged in deceptive conduct in violation of state law.

96.     This is especially true because there is no indication that the FDA plans to amend the regulations regarding nutrient content claims in a way that would have any bearing on this case.

97.     Shortly after issuing its nonbinding allulose recommendations in 2020, the FDA established a docket inviting public comments regarding "the labeling of certain sugars on the Nutrition and Supplement Facts label."[30]

98.     Like the recommendation itself, this Request for Information was also limited to proposed changes to how "sugars that are metabolized differently than traditional sugars" should be treated within the four walls of the nutrition panel declarations.

---

[29] *Id*. Ex. 2, Pg. 8, 9
[30] U.S. Food & Drug Admin., *FDA Seeks Input on Nutrition Labeling for Certain Sugars and Issues Final Guidance on Allulose*, FDA.gov, October 16, 2020, https://www.fda.gov/food/cfsan-constituent-updates/fda-seeks-input-nutrition-labeling-certain-sugars-and-issues-final-guidance-allulose.

99.     The FDA confirmed that it was not presently considering any changes to the "nutrient content claims regulations" related to "the amount of sugars or added sugars in a product." [31]

100.     Instead, in a footnote to the Request for Information, the FDA stated that it intended to address any potential revisions to such regulations at an unspecified "later date" when "time and resources permit."[32]

_____

[1] We also recognize that with the requirement for the mandatory declaration of added sugars on the label, there is an interest in the use of nutrient content claims that convey to consumers information about the amount of sugars or added sugars in a product. In the Nutrition Facts final rule, we said that we plan to revisit our nutrient content claims regulations as appropriate and as time and resources permit (81 FR 33742 at 33751). We intend to address nutrient content claims related to sugars and added sugars at a later date.

101.     In the years since making this statement, the FDA has never taken any action to even consider changes to the regulations governing sugar nutrient content claims, and there has been no indication from the FDA as to when, if ever, that "later date" will come.

102.     Instead, the FDA has continued to reaffirm the validity and enforceability of the existing sugar nutrient content claim regulations.

_____

[31] Notice, 85 Federal Register 202, (October 19, 2020) https://www.govinfo.gov/content/pkg/FR-2020-10-19/pdf/2020-22900.pdf.
[32] *Id.* at fn 1.

103. For example, in May 2022, the FDA issued a public statement regarding the sugar tagatose.[33] In this letter the FDA reiterated that the existing regulations regarding sugar nutrient content claims are still in full force and effect as written.

104. The tagatose letter was a response to a request from lobbyists for food manufacturers to amend 21 CFR 101.9 to exempt tagatose from classification as an added sugar.

105. This is the same regulation, discussed at length above at paragraphs 66-69, that defines what counts as sugar for purposes of 21 CFR 101.60(c)(1)(i).

106. Not only did the FDA refuse to amend the definition of sugar, it reiterated that the current regulatory definition at 21 CFR 101(9)(c)(6)(ii) is still in effect. Allulose clearly falls within the scope of this definition, and is thus a "sugar" under existing FDA regulations, including all applicable recommendations and guidance from the FDA.

107. There is no reason to think that this is going to change anytime soon.

108. The FDA maintains a website[34] in which it compiles all FDA guidance documents related to food labels. None of the compiled guidance statements contemplate any changes to the regulations governing sugar nutrient content claims.

---

[33] U.S. Regulations, *Final Response to Citizen Petition from FDA CFSAN to Bonumose LLC*, Regulations.gov, May 19, 2022, https://www.regulations.gov/document/FDA-2018-P-0874-0053
[34] U.S. Food & Drug Admin., *Guidance Documents & Regulatory Information by Topic (Food and Dietary Supplements)*, FDA.gov, https://cacmap.fda.gov/food/guidance-regulation-food-and-dietary-supplements/guidance-documents-regulatory-information-topic-food-and-dietary-supplements

109.    At a separate website[35] the FDA lists all "Possible Topics for Future Guidance Development." None of the potential topics have anything to do with sugar nutrient content claims or related regulations.

**E.    Chobani's Deceptive Marketing, Labeling And Conduct Constitute Consumer Fraud And Violate The Law**

110.    Misleading people about what they are buying and putting into their bodies is wrong. When it is done by a nationwide food manufacturer who is intentionally deceiving consumers across the country, it constitutes consumer fraud.

111.    Every state in the nation has enacted statutory protections to prevent and punish the sort of deceptive and unfair trade practices in which Chobani has engaged. These state specific statutes are colloquially known as "Little-FTC Acts."

112.    Little-FTC Acts broadly prohibit unfair business practices, including deceptive advertising. Generally, these acts provide private rights of action. The core prohibitions of these laws are interpreted for the most part interchangeably.

113.    As enumerated below, Defendant has violated the common elements of these state-specific Little-FTC Acts and similar consumer protection laws.

114.    Defendant's marketing and labeling of CHOBANI ZERO SUGAR was likely to, and did in fact, deceive reasonable consumers. This is because a reasonable interpretation of the labels: (a) "zero sugar" and (b) "no sugar" is that the labeled food actually has: (x) zero sugar and (y) no sugar.

---

[35] U.S. Food and Drug Admin, *Guidances*, FDA.gov., January 24, 2022, https://cacmap.fda.gov/industry/fda-basics-industry/guidances#:~:text=Possible%20Topics%20for%20Future%20Guidance%20Development%20 1%20Animal,Drugs%20...%204%20Vaccines%2C%20Blood%20%26%20Biologics%20

115. Plaintiffs and all class members, upon viewing the deceptive labeling and marketing of CHOBANI ZERO SUGAR, were reasonably likely to be, and in fact were, misled.

116. At all times, Defendant's misrepresentations and deceptions were intentional. Defendant knew that (a) it was putting allulose in its yogurt; (b) allulose is a sugar; (c) its own labels misrepresented the presence and amount of sugar in CHOBANI ZERO SUGAR; (d) reasonable consumers would view and assume to be true the information on the labels when making purchasing decisions; (e) reasonable consumers would, and in fact did, rely on Chobani's deceptive misrepresentations and labels in making their purchasing decisions; (f) Chobani was not giving the consumers the benefit of the bargain; and (g) Chobani was fraudulently charging consumers for "zero sugar" and "no sugar" yogurt because it knew there was sugar in the product.

117. This deception was all carried out with the intent that Plaintiffs and other consumers across the nation would rely on the deceptive and unfair product labeling and description.

118. In reliance on this intentional deception, Plaintiffs were deprived of the benefit of the bargain because they did not receive what they thought they were paying for. Plaintiffs would not have bought CHOBANI ZERO SUGAR, or would have paid less for it, had they known the truth.

119. This deceptive conduct was carried out to enrich Defendant and its owners by boosting yogurt sales through fraudulent means.

120.     CHOBANI ZERO SUGAR was launched on or around June 14, 2021.[36]

121.     In the ensuing months, it was publicly reported that Chobani sales significantly out-performed its 2020 sales and revenue figures.[37]

122.     Chobani's S-1 form filed with the SEC reveals that Chobani sells its products at "approximately 95,000 retail locations in the United States." Upon information and belief, CHOBANI ZERO SUGAR is sold at most or substantially all of these locations.

123.     This nationwide distribution network allowed Chobani to deceive consumers across the country.

124.     The latest publicly available sales data for Chobani yogurt products indicates that Chobani sold over $1 billion in yogurt products alone during the nine months ending on September 25, 2021.[38]

125.     These sales were increased through the deceptive and fraudulent marketing and sale of CHOBANI ZERO SUGAR. According to the Chobani S-1, "39% of [Chobani] product net sales were generated by product innovations in North America."

---

[36] Chobani, LLC, *Chobani Launches Zero Sugar\* with 60 Calories & Only Natural Ingredients*, Cision PR Newswire, June 14, 2021, https://www.prnewswire.com/news-releases/chobani-launches-zero-sugar-with-60-calories--only-natural-ingredients-301311356.html#:~:text=NEW%20YORK%2C%20June%2014%2C%202021,Sugar*%20with%20only%20natural%20ingredients.

[37] Christopher Doering, *Chobani reveals surging sales as it moves closer to IPO*, FoodDive.com, November 17, 2021, https://www.fooddive.com/news/chobani-reveals-surging-sales-as-it-moves-closer-to-ipo/610221/

[38] Securities and Exchange Comm'n, *Form S-1 Registration Statement*, SEC.gov, November 17, 2021 https://www.sec.gov/Archives/edgar/data/1869113/000119312521332196/d138208ds1.htm at \*4

126. These "product innovations" included CHOBANI ZERO SUGAR, and Defendant expects sales of CHOBANI ZERO SUGAR to continue to significantly grow in the future as more and more consumers are deceived by Chobani's deceptive and unfair practices.[39]

127. Defendant continues to deceptively label and market CHOBANI ZERO SUGAR, and the harm and damages caused by this conduct continues to increase every day the product remains in the marketplace.

## CLASS ALLEGATIONS

128. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on their own behalf and on behalf of a "Nationwide Class" defined as follows:

All persons in the United States and its territories who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt.

Excluded from this Nationwide Class are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Class; and (iii) the Judge presiding over this action.

129. Alternatively, Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the following subclasses:

(a) Illinois, (the "Illinois Class" applicable to Count One), by Plaintiffs Jason Franco and Abigail Franco: All persons in the State of Illinois who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

---

[39] *Id* at 157

(b) Kansas, (the "Kansas Class" applicable to Count Two), by Plaintiff John D. Baker: All persons in the State of Kansas who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(c) Arizona, (the "Arizona Class" applicable to Count Three), by Plaintiff Misty M. Lacy: All persons in the state of Arizona who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(d) Alabama (the "Alabama Class" applicable to Count Four), by Plaintiffs: All persons in the State of Alabama who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(e) California (the "California Class" applicable to Counts Five through Seven), by Plaintiffs: All persons in the State of California who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(f) Colorado (the "Colorado Class" applicable to Count Eight), by Plaintiffs: All persons in the State of Colorado who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(g) Connecticut (the "Connecticut Class" applicable to Count Nine), by Plaintiffs: All persons in the State of Connecticut who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(h) Delaware (the "Delaware Class" applicable to Count Ten), by Plaintiffs: All persons in the State of Delaware who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(i)  Florida (the "Florida Class" applicable to Count Eleven), by Plaintiffs: All persons in the State of Florida who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(j)  Hawai'i (the "Hawai'i Class" applicable to Count Twelve), by Plaintiffs: All persons in the State of Hawai'i who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(k)  Idaho (the "Idaho Class" applicable to Count Thirteen), by Plaintiffs: All persons in the State of Idaho who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(l)  Indiana (the "Indiana Class" applicable to Count Fourteen), by Plaintiffs: All persons in the State of Indiana who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(m)  Kentucky (the "Kentucky Class" applicable to Count Fifteen) by Plaintiffs: All persons in the Commonwealth of Kentucky who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(n)  Maryland (the "Maryland Class" applicable to Count Sixteen), by Plaintiffs: All persons in the State of Maryland who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(o)  Massachusetts (the "Massachusetts Class" applicable to Count Seventeen), by Plaintiffs: All persons in the Commonwealth of Massachusetts who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(p) Michigan (the "Michigan Class" applicable to Count Eighteen), by Plaintiffs: All persons in the State of Michigan who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(q) Minnesota (the "Minnesota Class" applicable to Count Nineteen), by Plaintiffs: All persons in the State of Minnesota who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(r) Missouri (the "Missouri Class" applicable to Count Twenty), by Plaintiffs: All persons in the State of Missouri who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(s) Nebraska (the "Nebraska Class" applicable to Count Twenty-One), by Plaintiffs: All persons in the State of Nebraska who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(t) Nevada (the "Nevada Class" applicable to Count Twenty-Two), by Plaintiffs: All persons in the State of Nevada who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(u) New Hampshire (the "New Hampshire Class" applicable to Count Twenty-Three), by Plaintiffs: All persons in the State of New Hampshire who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(v) New Jersey (the "New Jersey Class" applicable to Count Twenty-Four), by Plaintiffs: All persons in the State of New Jersey who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(w) New Mexico (the "New Mexico Class" applicable to Count Twenty-Five), by Plaintiffs: All persons in the State of New Mexico who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(x) New York (the "New York Class" applicable to Counts Twenty-Six and Twenty-Seven), by Plaintiffs: All persons in the State of New York who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(y) North Carolina (the "North Carolina Class" applicable to Count Twenty-Eight), by Plaintiffs: All persons in the State of North Carolina who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(z) North Dakota (the "North Dakota Class" applicable to Count Twenty-Nine), by Plaintiffs: All persons in the State of North Dakota who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(aa) Ohio (the "Ohio Class" applicable to Count Thirty), by Plaintiffs: All persons in the State of Ohio who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(bb) Oklahoma (the "Oklahoma Class" applicable to Count Thirty-One), by Plaintiffs: All persons in the State of Oklahoma who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(cc) Oregon (the "Oregon Class" applicable to Count Thirty-Two), by Plaintiffs: All persons in the State of Oregon who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(dd)     Pennsylvania (the "Pennsylvania Class" applicable to Count Thirty-Three): All persons in the Commonwealth of Pennsylvania who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(ee)     Rhode Island (the "Rhode Island Class" applicable to Count Thirty-Four), by Plaintiffs: All persons in the State of Rhode Island who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(ff) South Carolina (the "South Carolina Class" applicable to Count Thirty-Five), by Plaintiffs: All persons in the State of South Carolina who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(gg)     South Dakota (the "South Dakota Class" applicable to Count Thirty-Six), by Plaintiffs: All persons in the State of South Dakota who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(hh)     Vermont (the "Vermont Class" applicable to Count Thirty-Seven), by Plaintiffs: All persons in the State of Vermont who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(ii) Virginia (the "Virginia Class" applicable to Count Thirty-Eight), by Plaintiffs: All persons in the Commonwealth of Virginia who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt;

(jj) Washington (the "Washington Class" applicable to Count Thirty-Nine), by Plaintiffs: All persons in the State of Washington who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt; and,

(kk)    Wisconsin (the "Wisconsin Class" applicable to Count Forty), by Plaintiffs: All persons in the State of Wisconsin who purchased, other than for resale, CHOBANI ZERO SUGAR yogurt.

Excluded from all subclasses are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Classes; and (iii) the Judge presiding over this action.

130.    Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

131.    The members of the Nationwide Class and each subclass are so numerous and geographically dispersed that joinder of all members is impracticable. On information and belief, there are tens of thousands if not hundreds of thousands of Class members throughout the country. This is because, in part, Chobani distributes its products in approximately 95,000 separate retail locations across the country.

132.    There are numerous and substantial questions of law or fact common to all of the members of the Nationwide Class and each subclass which predominate over any individual issues. Included within the common questions of law or fact include, *inter alia*:

(a) Whether Defendant engaged in the conduct alleged;

(b) Whether Defendant misrepresented the contents, traits or ingredients of CHOBANI ZERO SUGAR;

(c) Whether Defendant's "zero sugar" and "no sugar" claims are false, deceptive, and likely to mislead a reasonable person;

(d) Whether Defendant violated the ICFA and similar Little FTC Acts;

(e) Whether Defendant's acts constitute deceptive and fraudulent business acts and practices;

(f) Whether Plaintiffs and the Class members were deprived the benefit of the bargain;

(g) Whether Defendant unjustly retained a benefit conferred by Plaintiffs and the Class members;

(h) Whether Plaintiffs and the Class members are entitled to equitable relief, including, without limitation, disgorgement and restitution.

(i) The measure of Plaintiffs' and the Class members' damages.

133. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency and fairness and equity than other available methods for the fair and efficient adjudication of this controversy.

134. The claims of Plaintiffs are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, and there is a substantially uniform relationship between the damage to Plaintiffs and Defendant's conduct affecting the Nationwide Class and each subclass.

135. To put it plainly, "zero sugar" means the same thing in Illinois that it does in the rest of the country. If Defendant's deceptive labeling claims of "zero sugar" and "no sugar" were likely to deceive reasonable consumers in Illinois, they were equally likely to deceive reasonable consumers in the other 49 states. The misrepresentations at issue among each subclass are identical: they are the exact same deceptive labels that Chobani used to sell CHOBANI ZERO SUGAR across the nation. And the manner in which Plaintiffs and all members of the Nationwide Class and each subclass were exposed to the misrepresentations is likewise identical: they saw the deceptive labels when purchasing CHOBANI ZERO SUGAR at one of the 95,000 retail locations that Chobani uses to distribute its products.

136. A class action is also warranted under Fed R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Class, so that final declaratory relief is appropriate to the Class as a whole. Defendant has directed and continues to direct its conduct to all consumers in a uniform manner. Therefore, declaratory relief on a classwide basis is necessary to remedy the harms to Plaintiffs and the Class members caused by Defendant's misconduct.

137. Plaintiffs are adequate Class representatives because Class Members and Plaintiffs have no interests adverse to the interests of other Class Members.

138. Plaintiffs will fairly and adequately represent and protect the interests of the Nationwide Class and each subclass. Plaintiffs have retained competent and experienced counsel.

139. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    (a) the claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Nationwide Class and each subclass;

    (b) given the size of individual Class Members' damages, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    (c) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant, whereas the Court can efficiently and uniformly determine the claims of the Class as a whole; and,

    (d) this action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiffs and members of the Nationwide Class and each subclass can seek redress for the harm caused to them by Defendant.

140.    Further, bringing individual claims would overburden the courts and be an inefficient method of resolving the dispute, at the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## COUNT ONE
**Violation of the Illinois Consumer Fraud And Deceptive Business Practices Act ("ICFA")**
**815 ILCS 505/1 *et seq.*; 815 ILCS 505/10a**
**On Behalf of the Illinois Class**

141.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

142.    The Illinois Consumer Fraud and Deceptive Business Practices Act 815 Ill. Comp. Stat. 505/1 *et seq.* broadly prohibits unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation in the conduct of any trade or commerce.

143.    Defendant violated this act by engaging in deceptive acts and practices by intentionally making deceptive misrepresentations on CHOBANI ZERO SUGAR's packaging and labels that it was "zero sugar" and had "no sugar" even though they were aware it contained sugar. These deceptive misrepresentations were and are

likely to mislead a reasonable consumer as to the presence and amount of sugar in CHOBANI ZERO SUGAR.

144.    Defendant intended that Plaintiffs Jason Franco and Abigail Franco and the Illinois Class Members would rely on its false and misleading labels. Plaintiffs Jason Franco and Abigail Franco and the Illinois Class Members did in fact rely on the false and misleading labels when they purchased CHOBANI ZERO SUGAR.

145.    Defendant's practice of using misrepresentations to sell CHOBANI ZERO SUGAR is also unfair. The practice offends public policy and is immoral, unethical, and unscrupulous because Illinois consumers who believe they are purchasing "zero sugar" yogurt with "no sugar" deserve to get the product they thought they were buying.

146.    Defendant's conduct proximately caused actual economic damages to all Members of the Illinois Class because:

> (a) Neither Plaintiffs nor any reasonable consumer would expect to CHOBANI ZERO SUGAR to contain 4 grams of sugar in every serving;
>
> (b) Consumers who purchase CHOBANI ZERO SUGAR believe they will receive yogurt with "zero sugar" but they do not actually receive that; and
>
> (c) Consumers who purchased CHOBANI ZERO SUGAR do not receive the benefit of the bargain.

147.   Had Chobani not engaged in deceptive and unfair practices, consumers, including Plaintiffs Jason Franco and Abigail Franco and the Illinois Class Members, would not have purchased CHOBANI ZERO SUGAR at all or would have paid less for it.

148.   Pursuant to Ill. Stat. § 505/10a, Plaintiffs Jason Franco and Abigail Franco and the Illinois Class Members seek to recover their economic damages, and their attorneys' fees and costs.

## COUNT TWO
### Violation of the Kansas Consumer Protection Act
### Kan. Stat. §50-623 *et seq.*; Kan. Stat. §50-634(d)
### On Behalf of the Kansas Class

149.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

150.   Defendant knowingly used deceptive and unconscionable trade practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR.

151.   These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

152.   As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Kansas using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

41

153.    Defendant intended Plaintiff John D. Baker and the Kansas Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

154.    Plaintiff John D. Baker and the Kansas Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase and purchasing CHOBANI ZERO SUGAR.

155.    Plaintiff John D. Baker and the Kansas Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

156.    Pursuant to Kan. Stat. § 50-636, Plaintiff John D. Baker and the Kansas Class are seeking to recover their damages, and their attorneys' fees and costs.

**COUNT THREE**
**Violation of the Arizona Consumer Fraud Act**
**Ariz. Rev. Stat. §44-1521 *et seq.***
**On Behalf of the Arizona Class**

157.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

158.    Defendant knowingly used deceptive and unconscionable trade practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.  As set forth in more detail

above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Arizona using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

159.    Defendant intended Plaintiff Misty M. Lacy and the Arizona Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

160.    Plaintiff Misty M. Lacy and the Arizona Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

161.    Plaintiff Misty M. Lacy and the Arizona Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

162.    Pursuant to Ariz. Stat. 44-1533, Plaintiff Misty M. Lacy and the Arizona Class seek to recover their actual damages, as well as punitive damages.

## COUNT FOUR
### Violation of the Alabama Deceptive Trade Practices Act ("ADTPA")
### ALA. CODE § 8-19-5 *et seq.*
### On Behalf of the Alabama Class

163.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

164. The Alabama Deceptive Trade Practices Act prohibits engaging in unconscionable, false, misleading, or deceptive acts or practices in the conduct of trade or commerce.

165. Defendant violated this Act by advertising, marketing, labeling, distributing, and selling CHOBANI ZERO SUGAR yogurt as containing "zero sugar" and "no sugar" while knowing these claims to be false, misleading, and deceptive. Defendant is fully aware that each serving of its yogurt contains 4 grams of sugar.

166. Defendant's acts were materially deceptive.

167. Defendant intended that Plaintiffs and the Alabama Class would rely on its false labels. Plaintiffs and the Alabama Class did in fact rely on the false labels when they decided to purchase CHOBANI ZERO SUGAR.

168. The Defendant's false, misleading, and deceptive marketing practices caused economic damages to the Plaintiffs and members of the Alabama Class because:

    (a) Neither Plaintiffs nor any reasonable consumer would expect CHOBANI ZERO SUGAR yogurt to contain 4 grams of sugar in every serving;

    (b) Consumers who purchase CHOBANI ZERO SUGAR believe they will receive yogurt with "zero sugar" but they do not actually receive zero sugar yogurt; and

    (c) Consumers who purchased CHOBANI ZERO SUGAR do not receive the benefit of the bargain.

(d) Had Chobani not engaged in deceptive and unfair practices,
consumers would not have purchased CHOBANI ZERO SUGAR at
all or would have paid less for it.

169.    Pursuant to Alabama Code 8-19-10(a)(1), Plaintiffs seek $100 per
violation on behalf of themselves and the Alabama Class, and their attorneys' fees
and costs.

**COUNT FIVE**
**Violation of the Consumers Legal Remedies Act ("CLRA")**
**California Civil Code § 1750 *et seq.***
**On Behalf of the California Class**

170.    Plaintiffs restate and reallege the preceding allegations set forth at
paragraphs numbered One through One Hundred-Forty as though fully set forth
herein.

171.    The CLRA prohibits unfair methods of competition and unfair or
deceptive acts or practices undertaken by any person in a transaction intended to
result or that result in the sale or lease of goods or services to any consumer.

172.    Defendant violated and continues to violate the Act by engaging in the
following materially deceptive marketing practice in transactions with Plaintiffs and
the California Class, which Plaintiffs and the California Class relied on, and which
were intended to result in, and did result in, the sale of defendant's product:

(a) Chobani marketed its CHOBANI ZERO SUGAR yogurt to consumers
by deceptively branding its yogurt as "zero sugar" and "no sugar"
while being fully aware that each serving contains 4 grams of sugar.

173.   Plaintiffs purchased the falsely labeled CHOBANI ZERO SUGAR in reliance on the false label and specifically because they reasonably believed it contained "zero sugar" or "no sugar".

174.   Defendant's unfair marketing and branding practices were material to Plaintiffs and members of the California Class's decision to purchase Defendant's product.

175.   Because of Defendant's deception Plaintiffs have suffered economic injuries because they didn't get the benefit of the bargain. Except for Chobani's deceptive and unfair practices, consumers would not have purchased CHOBANI ZERO SUGAR at all or would have paid less for it.

176.   Pursuant to Cal. Civ. Code §1780, Plaintiffs seek actual damages on behalf of themselves and the California Class, and their attorney fees in bringing this action.

**COUNT SIX**
**Violation of the California Unfair Competition Law ("UCL")**
**California Civil Code § 17200**
**On Behalf of the California Class**

177.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

178.   The UCL prohibits any unlawful, unfair, or fraudulent business act or practice.

179.   Defendant has violated § 17200's prohibition against engaging in unlawful acts and practices by, inter alia, making the false representations as set

forth more fully herein and violating among other statutes, Civil Code §§ 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code §§ 172000 et seq., and the common law.

180.   Plaintiffs seek restitution on behalf of themselves and the California Class.

## COUNT SEVEN
**Violation of the California's False Advertising Law ("FAL")**
**California Civil Code § 17500**
**On Behalf of the California Class**

181.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

182.   The FAL prohibits unfair competition in the form of unfair advertising.

183.   Defendant has violated FAL because it advertises and markets CHOBANI ZERO SUGAR yogurt in a false, unfair, and misleading manner as described herein.

184.   Plaintiffs seek restitution on behalf of themselves and the California Class.

## COUNT EIGHT
**Violation of the Colorado Consumer Protection Act**
**Colorado Revised Statutes § 6-1-101 *et seq.***
**On Behalf of the Colorado Class**

185.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

186.    Defendant engaged in a deceptive and unfair trade practice by intentionally deceiving Plaintiffs and members of the Colorado Class with misleading and untrue labels claiming that CHOBANI ZERO SUGAR had "zero sugar" and "no sugar."

187.    Defendant made false representations as to the characteristics and ingredients of CHOBANI ZERO SUGAR yogurt in claiming the product contained "zero sugar" and "no sugar", while fully aware that each serving of its yogurt contains 4 grams of sugar.

188.    Defendant is engaged in a nationwide scheme to deceptively market and sell CHOBANI ZERO SUGAR as part of its business, and this deceptive and unfair trade practice occurred in the course of Defendant's business.

189.    This deceptive and unfair trade practice has significantly impacted the public as both actual and potential consumers of CHOBANI ZERO SUGAR because:

(a) Many thousands of similarly situated Colorado consumers were deceived and harmed by Defendant's deceptive and unfair trade practices.

(b) Many of the deceived and harmed Colorado consumers have much less sophistication and bargaining power than Defendant.

(c) This deceptive and unfair trade practice has harmed Colorado consumers in the past and will continue to do so.

190.    Plaintiffs and the Colorado Class suffered an injury in fact, including economic damages due to their purchase of CHOBANI ZERO SUGAR.

## COUNT NINE
**Violation of the Connecticut Unfair Trade Practices Act ("CUTPA")**
**Conn. Gen. Stat. § 42-110b; Conn. Gen. Stat. §42-110g**
**On Behalf of the Connecticut Class**

191.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

192.    Connecticut General Statute § 42-110b prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

193.    Plaintiffs and the Connecticut Class are consumers who purchased Defendant's CHOBANI ZERO SUGAR yogurt.

194.    Defendant made false representations as to the characteristics and ingredients of CHOBANI ZERO SUGAR yogurt in claiming the product contained "zero sugar" and "no sugar", while fully aware that each serving contains 4 grams of sugar.

195.    Defendant's conduct, as detailed herein, constitutes unfair or deceptive practices that were and continue to be likely to mislead reasonable consumers.

196.    Defendant's practices were unfair because they offended public policy, were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers.

197.    Defendant's unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiffs' and the other Connecticut Class members' suffering actual damage.

198.    Plaintiffs seek actual and punitive damages on behalf of themselves and the Connecticut Class, as well as reasonable attorney fees and costs.

199.    Plaintiffs have mailed a copy of this Complaint to the Attorney General and the Commissioner of Consumer Protection contemporaneously with its filing.

## COUNT TEN
### Violation of the Delaware Consumer Fraud Act
### 6 Del. C. §2511 *et seq.*; 6 Del. C. §2525
### On behalf of the Delaware Class

200.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

201.    Defendant knowingly used deception, including fraud, false promises, and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

202.    Defendant marketed CHOBANI ZERO SUGAR throughout the State of Delaware using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

203.    Defendant intended Plaintiffs and the Delaware Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar."

204.    Plaintiffs and the Delaware Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

205.    Plaintiffs and the Delaware Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels

because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

**COUNT ELEVEN**
**Violation of the Florida Deceptive and Unfair Trade Practices Act**
**("FDUTPA")**
**Fla. Stat. § 501.201, *et seq.***
**On Behalf of the Florida Class**

206.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

207.    Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous, and substantially injurious to consumers.

208.    Defendant knowingly used deception, including fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

209.    Defendant marketed CHOBANI ZERO SUGAR throughout the State of Florida using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

210.    Defendant intended Plaintiffs and the Florida Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar", though Defendant was fully aware that each serving of the yogurt contains 4 grams of sugar.

211.    Plaintiffs and the Florida Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

51

212. Plaintiffs and the Florida Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

213. Pursuant to Florida statute sections 501.211(1), 501.211(2) and 501.2105, Plaintiffs and the Florida Class seek their damages, restitution, disgorgement, and their attorneys' fees and costs.

**COUNT TWELVE**
**Violation of the Hawai'i Unfair Competition Act**
**Haw. Stat. §480-1 *et seq*.; Haw. Stat. §480-13**
**On Behalf of the Hawai'i Class**

214. Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

215. Defendant knowingly used deception, including fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR. As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the state of Hawai'i using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

216. Defendant intended Plaintiffs and the Hawai'i Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR yogurt contained "zero sugar" and "no sugar" when in fact each serving of the yogurt contained 4 grams of sugar.

217.   Plaintiffs and the Hawai'i Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

218.   Plaintiffs and the Hawai'i Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

219.   The Hawai'i Class includes elderly persons.

220.   Plaintiffs and the Hawai'i Class are seeking to recover their damages and reasonable attorney's fees together with the costs of suit, and, for all elders within the Hawai'i Class who purchased CHOBANI ZERO SUGAR, $5,000 per violation.

221.   Plaintiffs will serve a file-stamped copy of this Complaint upon the Attorney General upon receipt of same.

## COUNT THIRTEEN
### Violation of the Idaho Consumer Protection Act
### Idaho Code Ann. §48-601 *et seq.* ; Idaho Code Ann. §48-608
### On Behalf of the Idaho Class

222.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

223.   Defendant knowingly used deception, including fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.  As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the state of Idaho using deceptive labels that were

intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

224.    Defendant intended Plaintiffs and the Idaho Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

225.    Plaintiffs and the Idaho Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

226.    Plaintiffs and the Idaho Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

227.    Pursuant to Idaho statute section 48-608, in addition to recovering their actual and punitive damages, and their attorneys' fees and costs, Plaintiffs and the Idaho Class seek restitution.

### COUNT FOURTEEN
**Violation of the Indiana Deceptive Consumer Sales Act**
**Indiana Code 24-5-0.5 *et seq*.**
**On Behalf of the Indiana Class**

228.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

229.    The Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq*. was enacted to "protect consumers from suppliers who commit deceptive and unconscionable sales acts."

230. Deceptive acts include, but are not limited to, any "unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction." Defendant is a "supplier" under this act, and the marketing and sale of CHOBANI ZERO SUGAR is a "consumer transaction."

231. Defendant violated this act by engaging in deceptive acts and practices by intentionally marketing CHOBANI ZERO SUGAR using deceptive and misleading packaging and labeling that misrepresented the product as having "zero sugar" and "no sugar."

232. These deceptive misrepresentations were and are likely to mislead a reasonable consumer as to the presence and amount of sugar in CHOBANI ZERO SUGAR.

233. These deceptive acts were carried out as part of Defendant's nationwide scheme to defraud and mislead consumers by misrepresenting that CHOBANI ZERO SUGAR contained zero sugar; as such, these deceptive acts are "incurable" pursuant to I.C. 24-5-0.5-2(a)(8).

234. Defendant intended that Plaintiffs and the Indiana Class Members would rely on its false labels. Plaintiffs and the Indiana Class Members did in fact rely on these false labels when they decided to purchase CHOBANI ZERO SUGAR.

235. Defendant's conduct was also unconscionable, because Indiana consumers who believe they are purchasing "zero sugar" yogurt with "no sugar" deserve to get the product they were promised. Selling the product with deceptive

labels that misrepresent its characteristics and ingredients offends the public's expectation to be told the truth about the products they are buying.

236.    Pursuant to Indiana Code 24-5-0.5-4(a) Plaintiffs seek $500 per violation on behalf of themselves and the Indiana Class.

## COUNT FIFTEEN
### Violation of the Kentucky Consumer Protection Act
### Ky. Rev. Stat. §367.110 *et seq.*
### On Behalf of the Kentucky Class

237.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

238.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, but were not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.  As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the commonwealth of Kentucky using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

239.    Defendant intended Plaintiffs and the Kentucky Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

240.    Plaintiffs and the Kentucky Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

241.    Plaintiffs and the Kentucky Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

242.    Plaintiffs and the Kentucky Class are seeking recovery of their actual damages, in addition to their attorneys' fees and costs.

243.    Plaintiffs have provided a copy of this Complaint to the Attorney General contemporaneously with its filing.

### COUNT SIXTEEN
**Violation of the Maryland Consumer Protection Act
Unfair Trade Practices Act
Md. Code, Com. Law §13-303; Md. Code, Com. Law §13-401
On Behalf of the Maryland Class**

244.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

245.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, but are not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.  As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the state of Maryland using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

246.    Defendant intended Plaintiffs and the Maryland Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR yogurt contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

247.    Plaintiffs and the Maryland Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

248.    Plaintiffs and the Maryland Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

249.    Plaintiffs and the Maryland Class seek to recover their actual damages, in addition to their attorneys' fees and costs.

## COUNT SEVENTEEN
### Violation of the Massachusetts Consumer Protection Act
### Mass. Gen. Laws Ch. 93A, §1 *et seq.*
### On Behalf of the Massachusetts Class

250.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

251.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR.

252.    These included, but are not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.  As set forth in more detail above, Defendant marketed CHOBANI

ZERO SUGAR throughout the Commonwealth of Massachusetts using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

253. Defendant intended Plaintiffs and the Massachusetts Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar."

254. Plaintiffs and the Massachusetts Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

255. Plaintiffs and the Massachusetts Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

256. Defendant does not maintain a place of business within the Commonwealth of Massachusetts and any pre-suit demand or notice requirement does not apply.

## COUNT EIGHTEEN
### Violation of the Michigan Consumer Protection Act ("MCPA")
### Mich. Comp. Laws § 445.903, *et seq.*; Mich. Comp. Laws § 445.911(4)
### On Behalf of the Michigan Class

257. Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

258.    Defendant violated the MCPA by, inter alia: representing that its CHOBANI ZERO SUGAR yogurt has characteristics, benefits, or quantities that it does not have; making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is; and failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.

259.    Specifically, Defendant marketed its CHOBANI ZERO SUGAR yogurt to consumers by deceptively labeling its yogurt as "zero sugar" and "no sugar" while being fully aware that each serving contains 4 grams of sugar.

260.    Defendant knew that its representations were false and misleading. Defendant's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs and the Michigan Class Members, about the characteristics and ingredients of CHOBANI ZERO SUGAR.

261.    As a direct and proximate result of Defendant's violations of the MCPA, Plaintiffs and the Michigan Class have suffered economic damages.

262.    Defendant's unlawful acts and practices complained of herein affect the interests of the Michigan public by depriving them of the benefit of the bargain.

263.    Plaintiffs and the Michigan Class seek actual damages or $250, whichever is greater, for Plaintiffs and each Michigan Class member, in addition to their attorneys' fees and costs.

<u>COUNT NINETEEN</u>
**Violation of the Minnesota Prevention of Consumer Fraud Act
("MPCFA")
Minn. Stat. § 325F.68, *et seq.*
On Behalf of the Minnesota Class**

264.     Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

265.     Defendant made deceptive misrepresentations in its labeling, marketing, and selling of CHOBANI ZERO SUGAR yogurt in the State of Minnesota.

266.     Defendant falsely labeled and continues to label CHOBANI ZERO SUGAR yogurt as containing "zero sugar" and "no sugar" while knowing these claims to be false, misleading, and deceptive as Defendant is fully aware that each serving of its yogurt contains 4 grams of sugar.

267.     Defendant intended for Plaintiffs and the Minnesota Class Members to rely on its deceptive misrepresentations and omissions of material facts when making decisions to purchase its product.

268.     Defendant's misrepresentations and omissions of material facts are likely to mislead a reasonable consumer, and in fact did mislead Plaintiffs and the Minnesota Class in making their decision to purchase CHOBANI ZERO SUGAR.

269.     Plaintiffs and the Minnesota Class reasonably relied on Defendant's misrepresentations and suffered actual economic damages because they were deprived the benefit of their bargain.

270.     Pursuant to Minn. Stat. § 8.31, subd. 3a, Plaintiffs and the Minnesota Class bring this action to recover their actual damages, together with costs, and

disbursements, including costs reasonable attorney's fees, as well as any other available relief as determined by the Court.

## COUNT TWENTY
### Violation of Missouri Unlawful Practices Laws
### Mo. Ann. Stat. §407.010 *et seq.*; Mo. Ann. Stat. §407.025
### On Behalf of the Missouri Class

271.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

272.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR.

273.    These included, but are not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.  As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Missouri using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

274.    Defendant intended Plaintiffs and the Missouri Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar."

275.    Plaintiffs and the Missouri Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

276.    At all times Plaintiffs and the Missouri Class acted as a reasonable consumer would in light of all the circumstances, including their reasonable reliance

that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

277.    Plaintiffs and the Missouri Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

278.    Plaintiffs and the Missouri Class seek to recover their actual damages, punitive damages, and attorneys' fees and costs.

**COUNT TWENTY-ONE**
**Violation of Nebraska Consumer Protection Act**
**Neb. Rev. Stat. Ann. § 59-1602 *et seq.*; Neb. Rev. Stat. Ann. § 59-1609**
**On Behalf of the Nebraska Class**

279.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

280.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, but are not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

281.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the state of Nebraska using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

282. Defendant intended Plaintiffs and the Nebraska Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar."

283. Plaintiffs and the Nebraska Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

284. At all times Plaintiffs and the Nebraska Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

285. Defendant's conduct harmfully impacted the public interest, as Nebraska consumers have an interest in getting the benefit of their bargain and not being deceived when purchasing foodstuffs.

286. Plaintiffs and the Nebraska Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

287. Pursuant to Nebraska statute § 59-1609, Plaintiffs and the Nebraska class seek recover of their actual damages, for punitive damages, and for their attorneys' fees and costs.

**COUNT TWENTY-TWO**
**Violation of Nevada Deceptive Trade Practices Act**
**Nev. Rev. Stat. Ann. § 41.600; Nev. Rev. Stat. Ann. § 598.0915** *et seq.*
**On Behalf of the Nevada Class**

288.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

289.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, but are not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

290.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the state of Nevada using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

291.    Defendant intended Plaintiffs and the Nevada Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact the product contains 4 grams of sugar per serving.

292.    Plaintiffs and the Nevada Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

293.    At all times Plaintiffs and the Nevada Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance

that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

294.    Plaintiffs and the Nevada Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

295.    The Nevada class includes elderly persons.

296.    Pursuant to Nevada statute sections 598.0977 and 598.0993, Plaintiffs and the Nevada Class seek to recover their actual damages, punitive damages, and attorneys' fees and costs.

## COUNT TWENTY-THREE
### Violation of New Hampshire Consumer Protection Act
### Regulation of Business Practices for Consumer Protection
### N.H. Rev. Stat. § 358-A:10; N.H. Rev. Stat. § 358-A:10-a
### On Behalf of the New Hampshire Class

297.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

298.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included without limitation fraud, false promises, and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

299.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the state of New Hampshire using deceptive labels that were

intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

300. Defendant intended Plaintiffs and the New Hampshire Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar", when in fact it contained 4 grams of sugar per serving.

301. Plaintiffs and the New Hampshire Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

302. At all times Plaintiffs and the New Hampshire Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

303. Plaintiffs and the New Hampshire Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

304. Pursuant to New Hampshire Rev. Stat. § 358-A:10, Plaintiffs and the New Hampshire Class seek recovery of their actual damages or $1,000 per class member, whichever is greater, and three times such an amount as Defendant's violations were made knowingly.

**COUNT TWENTY-FOUR**
**New Jersey Consumer Fraud Act ("NJCFA")**
**New Jersey Code Ann. §56:8-1, *et seq.***
**On Behalf of the New Jersey Class**

305.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

306.    Defendant, by selling, distributing, designing, packaging, and marketing CHOBANI ZERO SUGAR yogurt, as set forth above and below engaged in deceptive acts and practices in violation of New Jersey Code Ann. §56:8-1, *et seq.*

307.    Namely, Defendant used unconscionable commercial practices, deception, fraud, false pretense, false promise, and misrepresentation with respect to the false labeling and misrepresentations it includes on CHOBANI ZERO SUGAR yogurt.

308.    Defendant falsely labels CHOBANI ZERO SUGAR yogurt as containing "zero sugar" and "no sugar" while knowing these claims to be false, misleading, and deceptive. Defendant is fully aware that each serving of its yogurt contains 4 grams of sugar.

309.    In connection with the sale or advertisement of CHOBANI ZERO SUGAR yogurt, which is "merchandise" under the New Jersey Act, Defendant knowingly engaged in the deceptive and fraudulent acts described herein with the intent that others, including the Plaintiffs and New Jersey Class, when purchasing CHOBANI ZERO SUGAR yogurt, rely upon Defendant's false labeling.

310.   The sale to Plaintiffs and the New Jersey Class of CHOBANI ZERO SUGAR yogurt as described herein is an unlawful practice in violation of §56:8-2 of the New Jersey Act.

311.   Plaintiffs relied upon the false labels and misrepresentations on the packaging of CHOBANI ZERO SUGAR yogurt when they decided to purchase the product. Plaintiffs were thereby damaged because they did not receive the benefit of the bargain.

312.   As set forth in §56:8-2.11, Defendant is liable to Plaintiffs and the New Jersey Class for a refund of all monies obtained from their purchases of CHOBANI ZERO SUGAR yogurt.

313.   Plaintiffs and the New Jersey Class seek recovery of three times their actual damages, in addition to their reasonable attorneys' fees and costs.

## COUNT TWENTY-FIVE
### Violation of New Mexico Unfair Practices Act
### N.M. Stat. Ann. § 57-12-1 et seq.; N.M. Stat. Ann. § 57-12-10
### On Behalf of the New Mexico Class

314.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

315.   Defendant knowingly and willfully used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

69

316.   As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of New Mexico using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

317.   Defendant intended Plaintiffs and the New Mexico Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar.

318.   Plaintiffs and the New Mexico Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

319.   At all times Plaintiffs and the New Mexico Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

320.   Plaintiffs and the New Mexico Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

321.   Pursuant to New Mexico Stat. 57-12-10, Plaintiffs and the New Mexico Class seek recovery of three times their actual damages or $100 per class member, whichever is greater, as Defendant has engaged in willful trade practices in violation of the statute.

<u>COUNT TWENTY-SIX</u>
**NEW YORK DECEPTIVE ACT AND PRACTICES LAW ("DAPL")**
**N.Y. GEN. BUS. LAW § 349**
**On Behalf of the New York Class**

322.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

323.    Defendant, by selling, distributing, designing, packaging, and marketing CHOBANI ZERO SUGAR yogurt, as set forth above and below engaged in materially misleading deceptive acts and practices.

324.    Defendant falsely labeled its CHOBANI ZERO SUGAR yogurt as containing "zero sugar" and "no sugar" while knowing those claims to be false, misleading, and deceptive.

325.    Defendant's conduct was such that it was likely to mislead a reasonable consumer acting reasonably under the circumstances.

326.    The sale of CHOBANI ZERO SUGAR yogurt in New York and to the New York Class is a "deceptive act and practice" in violation of §349 of the New York General Business Law ("New York DAPL Act").

327.    Because of Defendant's materially misleading practices as described herein, Plaintiffs and the New York Class purchased CHOBANI ZERO SUGAR yogurt and were damaged and suffered economic injuries because they were deprived the benefit of their bargain.

328.    Defendant's misrepresentation and fraudulent labeling was crucial to the Plaintiffs' decision to purchase what they believed to be yogurt that contained "no sugar."

329.    Under §349(h) of the New York DAPL Act, individuals, or a class of individuals, may bring an action to recover the greater of $50 or actual damages, in addition to three times the actual damages, and may also seek and be awarded attorney's fees and costs. Plaintiffs and the New York Class seek such relief.

## COUNT TWENTY-SEVEN
## NEW YORK FALSE ADVERTISING LAW
## N.Y. GEN. BUS. LAW § 350
## On Behalf of the New York Class

330.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

331.    Defendant, by selling, distributing, designing, packaging, and marketing CHOBANI ZERO SUGAR yogurt, as set forth above and below, engaged in false advertising, as that term is defined by §350-A of the New York General Business Law ("New York FA Act").

332.    The Defendant labeled and advertised CHOBANI ZERO SUGAR yogurt (a commodity under the New York FA Act) in such a way as to be intentionally misleading in a material respect.

333.    Because of Defendant's materially misleading practices as described herein, Plaintiffs purchased CHOBANI ZERO SUGAR yogurt and suffered damages because they did not receive the benefit of their bargain.

334.   Defendant's misrepresentation and fraudulent labeling was crucial to the Plaintiff's decision to purchase what they believed to be yogurt that contained "no sugar."

335.   Under §350-e of the New York FA Act, individuals, or a class of individuals, may bring an action to recover the greater of $500 or actual damages, plus up to three times their actual damages, and may also seek and be awarded attorney's fees and costs. Plaintiffs and the New York Class seek such relief.

## COUNT TWENTY-EIGHT
### North Carolina Unfair Trade Practices Act ("NCUTPA")
### N.C. GEN. STAT. § 75-1.1
### On Behalf of the North Carolina Class

336.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

337.   Defendant, by selling, distributing, designing, packaging, and marketing CHOBANI ZERO SUGAR yogurt, as set forth herein, materially misrepresented the product and engaged in deceptive and unfair acts and practices in violation of Article 1, Section 75-1.1 of the General Statutes of North Carolina.

338.   Plaintiffs and the North Carolina Class members relied on Defendant's fraudulent and false labeling and misrepresentations when making the decision to purchase CHOBANI ZERO SUGAR yogurt, and thereby suffered damages because they did not receive the benefit of the bargain.

339.   In accordance with Section 75-16, Plaintiffs and the North Carolina Class seek a judgment for treble the amount fixed by the verdict. Furthermore,

according to Section 75-16.1, Plaintiffs and the North Carolina Class seek reasonable attorney fees.

## COUNT TWENTY-NINE
### Violation of North Dakota Unfair Practices Act
### N.D. Cent. Code Ann. § 51-15-02 *et seq.*; N.D. Cent. Code Ann. § 51-15-09
### On Behalf of the North Dakota Class

340.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

341.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises, and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

342.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of North Dakota using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

343.    Defendant intended Plaintiffs and the North Dakota Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

344.    Plaintiffs and the North Dakota Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

74

345. At all times Plaintiffs and the North Dakota Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

346. Plaintiffs and the North Dakota Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived of the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

347. Pursuant to N.D. Cent. Code Ann. § 51-15-09, Plaintiffs and the North Dakota Class seek recovery of three times their actual damages, in addition to their attorneys' fees and costs.

## COUNT THIRTY
### Violation of Ohio Consumer Sales Practices Act
### Ohio Rev. Code Ann. § 1345.01 *et seq*.; Ohio Rev. Code Ann. § 1345.09
### On Behalf of the Ohio Class

348. Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

349. Defendant knowingly used unfair, false, misleading, and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, but are not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

350. As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Ohio using deceptive labels that were intended to,

and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

351.    Defendant intended Plaintiffs and the Ohio Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

352.    Plaintiffs and the Ohio Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

353.    At all times Plaintiffs and the Ohio Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

354.    Plaintiffs and the Ohio Class suffered damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

355.    Pursuant to Ohio Rev. Code Ann. § 1345.09, Plaintiffs and the Ohio Class seek recovery of their damages plus all of their noneconomic damages, and their attorneys' fees and costs.

**COUNT THIRTY-ONE**
**Violation of the Oklahoma Consumer Protection Act**
**Okla. Stat. Ann. tit. 15, § 751 *et seq*.; Okla. Stat. Ann. tit. 15, § 761.1**
**On Behalf of the Oklahoma Class**

356.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

357.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

358.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Oklahoma using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

359.    Defendant intended Plaintiffs and the Oklahoma Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

360.    Plaintiffs and the Oklahoma Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

361.    At all times Plaintiffs and the Oklahoma Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

362.    Plaintiffs and the Oklahoma Class suffered damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

363.   Plaintiffs and the Oklahoma Class seek to recover all damages permitted by law.

## COUNT THIRTY-TWO
### Violation of the Oregon Unlawful Trade Practices Act
### Or. Rev. Stat. Ann. § 646.605 *et seq*.; Or. Rev. Stat. Ann. § 646.638
### On Behalf of the Oregon Class

364.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

365.   Defendant knowingly and willfully used unfair, false, misleading, and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

366.   As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Oregon using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

367.   Defendant intended Plaintiffs and the Oregon Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

368.   Plaintiffs and the Oregon Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

369. At all times Plaintiffs and the Oregon Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

370. Plaintiffs and the Oregon Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

371. Pursuant to Or. St. § 646.638, Plaintiffs and the Oregon Class seek recovery of their actual damages, or $200 per class member, whichever is greater, in addition to their attorneys' fees and costs.

## COUNT THIRTY-THREE
### Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Act
### 73 Pa. Stat. Ann. § 201-1 *et seq.*; 73 Pa. Stat. Ann. § 201-9.2
### On Behalf of the Pennsylvania Class

372. Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

373. Defendant knowingly used unfair, false, misleading, and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

374.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the Commonwealth of Pennsylvania using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

375.    Defendant intended Plaintiffs and the Pennsylvania Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

376.    Plaintiffs and the Pennsylvania Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

377.    At all times Plaintiffs and the Pennsylvania Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

378.    Plaintiffs and the Pennsylvania Class suffered damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

379.    Pursuant to 73 Pa. Stat. Ann. § 201-9.2(a), Plaintiffs and the Pennsylvania Class seek recovery of their actual damages or $100 per class member, whichever is greater, in addition to attorneys' fees and costs.

**COUNT THIRTY-FOUR**
**Violation of the Rhode Island Unfair Trade Practice**
**and Consumer Protection Act**
**6 R.I. Gen. Laws Ann. § 6-13.1-2 *et seq*.; 6 R.I. Gen. Laws Ann. § 6-13.1-5.2**
**On Behalf of the Rhode Island Class**

380.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

381.    Defendant knowingly and willfully used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, but are not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

382.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Rhode Island using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

383.    Defendant intended Plaintiffs and the Rhode Island Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

384.    Plaintiffs and the Rhode Island Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase, and purchasing CHOBANI ZERO SUGAR.

385.    At all times Plaintiffs and the Rhode Island Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

386.    Plaintiffs and the Rhode Island Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

387.    Pursuant to Rhode Island statute § 6-13.1-5.2, Plaintiffs and the Rhode Island Class seek recovery of their actual damages, or $500 per class member, whichever is greater, and treble that amount as equitable relief, in addition to their attorney's fees and costs.

## COUNT THIRTY-FIVE
### South Carolina Unfair Trade Practices Act ("SCUTPA")
### S.C. CODE ANN. 39-5-20
### On Behalf of the South Carolina Class

388.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

389.    Defendant committed unfair and deceptive acts in contravention of Section 39-5-20 by advertising, marketing, labeling, distributing, and selling, CHOBANI ZERO SUGAR yogurt as containing "zero sugar" and "no sugar" while knowing these claims to be false, misleading, and deceptive. Defendant is fully aware that each serving of its yogurt contains 4 grams of sugar.

390. Defendant's deceptive acts are substantially injurious to the consuming public, offend public policy, and are immoral and unethical.

391. Plaintiffs and the South Carolina Class members relied upon the false labels and misrepresentations on the packaging of CHOBANI ZERO YOGURT when they decided to purchase the yogurt and were thereby damaged because they did not receive the benefit of the bargain.

392. Defendant's deceptive acts proximately caused the Plaintiffs and the South Carolina Class damages as described above.

393. Pursuant to Section 39-5-140, any person who suffers any ascertainable loss of money or property, from the use or employment of any unlawful deceptive practice, can bring an action to recover actual damages.

394. Plaintiffs and the South Carolina Class seek recovery in amount of three times the actual damages sustained for Defendant's willful acts, in addition to their attorneys' fees and costs.

## COUNT THIRTY-SIX
### Violation of the South Dakota Deceptive Trade Practices and Consumer Protection Law
### S.D. Codified Laws § 37-24-1 *et seq.*; S.D. Codified Laws § 37-24-31
### On Behalf of the South Dakota Class

395. Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

396. Defendant knowingly and willfully used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO

SUGAR. These include, but are not limited to, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

397. As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of South Dakota using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics of CHOBANI ZERO SUGAR.

398. Defendant intended Plaintiffs and the South Dakota Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

399. Plaintiffs and the South Dakota Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

400. At all times Plaintiffs and the South Dakota Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

401. Plaintiffs and the South Dakota Class suffered damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

402.    Pursuant to South Dakota statute § 37-24-31, Plaintiffs and the South Dakota Class seek recovery of their actual damages suffered.

**COUNT THIRTY-SEVEN**
**Violation of the Vermont Consumer Fraud Act**
**9 V.S.A. § 2451a *et seq.*; 9 V.S.A. § 2461**
**On Behalf of the Vermont Class**

403.    Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

404.    Defendant knowingly used unfair, false, misleading, and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

405.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Vermont using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

406.    Defendant intended Plaintiffs and the Vermont Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

407.    Plaintiffs and the Vermont Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

408.    At all times Plaintiffs and the Vermont Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance

that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

409.   Plaintiffs and the Vermont Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

410.   Pursuant to Vermont statute 9 V.S.A. § 2461, Plaintiffs and the Vermont Class seek recovery of their actual damages suffered, their attorneys' fees and costs, and exemplary damages in an amount treble their actual damages.

**COUNT THIRTY-EIGHT**
**Violation of the Virginia Consumer Protection Act**
**Va. Code Ann. § 59.1-196 *et seq*.; Va. Code Ann. § 59.1-204**
**On Behalf of the Virginia Class**

411.   Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

412.   Defendant knowingly used unfair, false, misleading, and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

413.   As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the Commonwealth of Virginia using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

414. Defendant intended Plaintiffs and the Virginia Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

415. Plaintiffs and the Virginia Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

416. At all times Plaintiffs and the Virginia Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

417. Plaintiffs and the Virginia Class suffered economic damages based on their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

418. Pursuant to Virginia statute § 59.1-204 Plaintiffs and the Virginia Class seek recovery of treble their actual damages suffered or $1,000 per class member, whichever is greater, for the willful violations by Defendant, in addition to attorneys' fees and costs.

## COUNT THIRTY-NINE
### Violation of Washington Unfair Business Practices Act –
### Consumer Protection Act
### Wash. Rev. Code Ann. §19.86.010 *et seq.*; Wash. Rev. Code Ann. §19.86.090
### On Behalf of the Washington Class

419. Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

87

420.    Defendant knowingly used unfair, false, misleading and deceptive acts and practices in the marketing, labeling and sale of CHOBANI ZERO SUGAR in trade and commerce. These included, without limitation, fraud, false promises and misrepresentations in connection with the sale and advertisement of CHOBANI ZERO SUGAR.

421.    As set forth in more detail above, Defendant marketed CHOBANI ZERO SUGAR throughout the State of Washington using deceptive labels that were intended to, and in fact did, mislead consumers as to the characteristics and ingredients of CHOBANI ZERO SUGAR.

422.    Defendant intended Plaintiffs and the Washington Class to rely on its deceptive labeling that misrepresented that CHOBANI ZERO SUGAR contained "zero sugar" and "no sugar" when in fact it contained 4 grams of sugar per serving.

423.    Plaintiffs and the Washington Class did in fact rely upon these deceptive labels and misrepresentations in deciding to purchase CHOBANI ZERO SUGAR.

424.    At all times Plaintiffs and the Washington Class acted as reasonable consumers would in light of all the circumstances, including their reasonable reliance that the CHOBANI ZERO SUGAR labels promising that the food product was "zero sugar" and had "no sugar" meant what they said.

425.    Defendant's conduct harmfully impacted the public interest, as Washington consumers have an interest in getting the benefit of their bargain and not being deceived when purchasing foodstuffs.

426. Plaintiffs and the Washington Class suffered economic damages caused by Defendant's conduct and due to their reliance on the deceptive and misleading CHOBANI ZERO SUGAR labels because they were deprived the benefit of the bargain when purchasing CHOBANI ZERO SUGAR.

427. Pursuant to Washington statute §19.86.090, Plaintiffs and the Washington Class seek recovery of their actual damages, along with attorneys' fees and costs.

## COUNT FORTY
### Violation of the Wisconsin Unfair Trade Practices Act
### Wis. Stat. Ann. §100.20
### On Behalf of the Wisconsin Class

428. Plaintiffs restate and reallege the preceding allegations set forth at paragraphs numbered One through One Hundred-Forty as though fully set forth herein.

429. Wisconsin Stat. §100.20(2)(a) gives the Wisconsin Department of Agriculture, Trade and Consumer Protection ("DATCP") authority to issue general orders forbidding methods of competition in business or trade practices which are determined by the department to be unfair.

430. The DATCP has done so at Wis. Admin. Code ATCP § 90.10, which declares that it is a violation of Wisconsin law for any food product (excepting meat and poultry) to be labeled in a way that does not comply with the FDA's food labeling regulations, including 21 CFR 101.

431. As set forth above at length, the CHOBANI ZERO SUGAR labeling does not comply with 21 CFR 101, including those provisions laid out in Sections 101.9,

101.13, and 101.60. Plaintiffs and the Wisconsin Class are not asserting any claim for violation of FDA regulations, but the fact that Defendant has violated such regulations gives rise to an independent violation of Wisconsin law.

432. Plaintiffs and the Wisconsin Class have suffered actual pecuniary loss due to Defendant's failure to comply with Wisconsin labeling requirements in violation of the Wisconsin Unfair Trade Practices Act and are entitled to assert a private cause of action for damages on behalf of themselves and the Wisconsin Class, and recover twice the amount of pecuniary damages, including attorneys' fees and costs. Plaintiffs and the Wisconsin Class make that request for relief.

**COUNT FORTY-ONE**
**Constructive Trust for Money Had and Received**
**On Behalf of the Nationwide Class**

433. Plaintiffs and the Nationwide Class restate and reallege all of the foregoing paragraphs as though fully set forth herein.

434. Through the use of its deceptive, unfair, unconscionable, and inequitable trade practices, Defendant tricked plaintiffs and all members of the Nationwide Class into giving Defendant money with each purchase of CHOBANI ZERO SUGAR.

435. Upon information and belief, Defendant profited and (directly or indirectly) received proceeds from all sales of CHOBANI ZERO SUGAR at retail locations located across the country.

436. Chobani has thus received money which in equity and good conscience belongs to Plaintiffs and members of the Nationwide Class.

## COUNT FORTY-TWO
### Unjust Enrichment
### On behalf of the Nationwide Class

437.    Plaintiffs restate and reallege all of the foregoing paragraphs as though fully set forth herein.

438.    Plaintiffs and members of the Nationwide Class conferred a benefit on Defendant in that they purchased CHOBANI ZERO SUGAR yogurt that was manufactured, distributed and sold by the Defendant.

439.    Defendant received the benefit because, were consumers not to purchase CHOBANI ZERO SUGAR, Defendant would have *de minimis* sales of the product (limited to those servings of CHOBANI ZERO SUGAR bought by persons in the narrow exceptions to the Nationwide Class and state-specific subclasses) and would have not have received the large and valuable monetary profits they did from the sales CHOBANI ZERO SUGAR yogurt at approximately 95,000 retail locations across the country.

440.    Defendant's acceptance and retention of this benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representation about the amount and presence of sugar in CHOBANI ZERO SUGAR.

441.    Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiffs' and Class Members' expense and in violation of applicable law. Therefore, full disgorgement of such economic enrichment, including full disgorgement of all proceeds or purchase price value received by

Defendant from any Plaintiff or Class Member of the Nationwide Class or any subclass for the purchase of any CHOBANI ZERO SUGAR yogurt, is required.

## COUNT FORTY-THREE
### Declaratory Judgment
### On Behalf of each Plaintiff, the Nationwide Class, and All Subclasses

442.    Plaintiffs restate and reallege all of the foregoing paragraphs as though fully set forth herein.

443.    Defendant's conduct of labeling and branding of CHOBANI ZERO SUGAR deceived and misled Plaintiffs and the Class Members as to the presence and amount of sugar in the CHOBANI ZERO SUGAR they purchased.

444.    Plaintiffs and the Class Members have been harmed by Defendant's actions, and consumers across the country (including but not limited to Plaintiffs and Class Members) face the risk of incurring additional harm if declaratory relief is not granted.

445.    There is an actual controversy between Plaintiffs and Defendant, regarding Defendant's deceitful and misleading conduct and whether or not such deception constituted a violation of Plaintiffs' rights. If that controversy is not resolved, Defendant may continue to deceive and mislead consumers as to the content and ingredients of CHOBANI ZERO SUGAR, and Plaintiffs' harms will continue to accrue and grow.

446.    Plaintiffs are each members of multi-person households who share common familial finances and purchase goods for the familial household's consumption.  Plaintiffs suffer the same amount of harm each time any member of

their familial household falls prey to Chobani's deceptive and misleading labeling, conduct and trade practices and purchases CHOBANI ZERO SUGAR as they have each time Plaintiffs purchased the product in their individual capacity.

447.   Upon information and belief, there is also an actual controversy among members of the Nationwide Class and members of each state-specific subclass regarding Defendant's deceitful and misleading conduct and whether or not such deception constituted a violation of such consumers rights. If that controversy is not resolved, Defendant may continue to deceive and mislead consumers as to the content and ingredients of CHOBANI ZERO SUGAR.

448.   Such controversies can be effectively terminated by a declaration of the parties' respective rights by this Court.

449.   Plaintiffs and similarly situated Class Members thus have clear and ascertainable interests in the adjudication of their rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, including the Class Members of the Nationwide Class and each subclass, respectfully request that the Court enter judgment in their favor against Defendant as follows:

A. Certifying the Class and/or subclasses under Federal Rule of Civil Procedure 23 as requested herein;

B. Appointing Plaintiffs as Class Representatives and Plaintiffs' Counsel as Class Counsel for the Nationwide Class and each subclass;

C. Awarding Plaintiffs and the Class Members actual, compensatory, punitive, statutory, treble, equitable and consequential damages;

D. Awarding Plaintiffs and the Class Members a declaratory judgment that the labeling, packaging, and marketing of CHOBANI ZERO SUGAR is deceptive and likely to mislead reasonable consumers;

E. Awarding Plaintiffs and the Class Members full disgorgement and/or restitution;

F. Imposing a constructive trust for the benefit of Plaintiffs and the Class Members on the unjustly retained benefits conferred by Plaintiffs and the Class Members upon Defendant;

G. Awarding Plaintiffs and the Class Members reasonable attorneys' fees, costs, and expenses; and,

H. Granting such other relief as the Court deems just and appropriate.

Dated: May 15, 2023

Respectfully submitted,
s/ Yates M. French
Yates M. French (IL 6296526)
Heather L. Kramer (IL 6272559)
Amanda M. Zannoni (IL 6327821)
Rathje Woodward LLC
300 E. Roosevelt Road, Suite 300
Wheaton, Illinois 60187
Ph: 630-668-8550
Emails: yfrench@rathjewoodward.com
hkramer@rathjewoodward.com
azannoni@rathjewoodward.com


s/ Alexander H. Burke
Alexander H. Burke
Burke Law Offices LLC
909 Davis Street, Suite 500

Evanston, Illinois 60201
Ph: 312-729-5288
Email: ABurke@BurkeLawLLC.com