# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON FRANCO, ABIGAIL FRANCO, MISTY M. LACY, and JOHN D. BAKER individually and on behalf of all other similarly situated class and subclass members,<br><br>Plaintiffs,<br><br>v.<br><br>CHOBANI, LLC<br><br>Defendant. | Case No. 1:23-cv-3047<br><br>Honorable John J. Tharp, Jr. |

## CHOBANI, LLC'S REPLY IN SUPPORT OF MOTION FOR STAY OF DISCOVERY

## I. INTRODUCTION

On March 13, 2025, the Court entered an order directing Chobani to file a reply brief in support of its Motion for a Stay of Discovery by March 21, 2025. Dkt. 38. The Court's order states: "In their response to the defendant's motion to stay discovery [37], the plaintiffs clarify that they are seeking only 'limited discovery' to avoid 'the possibility of [third−party] evidence loss.' The defendant shall file a reply . . . explaining why such 'limited discovery' is inappropriate, if that is the defendant's position." *Id.*

Chobani opposes Plaintiffs' request to pursue this "limited discovery" for three reasons. First, what Plaintiffs describe as "limited discovery" only to avoid "third-party evidence loss" actually sweeps much more broadly. Plaintiffs' Exhibit A describes ten open-ended and expansive requests for production *on Chobani* that are not connected to the preservation of third-party evidence. Opp. at 1, 7–8; Pls. Ex. A. Plaintiffs also do not characterize their proposed third-party subpoenas as preservation subpoenas.

Second, even limited discovery is inappropriate at this stage because Chobani has asserted legal grounds that warrant dismissal of the Complaint in its entirety. Plaintiffs make the incorrect and misleading statement that Chobani's Motion to Dismiss seeks partial, rather than complete, dismissal of Plaintiffs' claims. *See* Dkt. 37 at 6 ("Opp."). As a result, Plaintiffs wrongly assert that discovery will be required "now, or in the future." *Id.* But that is incorrect: Chobani has moved to dismiss the entire Complaint with prejudice on preemption and other grounds. Dkt. 19 at 15 ("MTD") ("The Complaint should be dismissed with prejudice."); *see also* Dkt. 29 at 1, 10 ("Reply"). If Chobani prevails, this case will not proceed to discovery. Third parties should not be burdened with discovery obligations that may never become necessary.

Chobani told Plaintiffs nearly a year ago that it had no objection to Plaintiffs sending preservation notices to third parties to ensure that evidence is not lost or destroyed. Chobani has

no objection to Plaintiffs serving preservation notices or subpoenas on relevant third parties solely to preserve potentially relevant evidence. Additional discovery beyond those limits should be stayed pending resolution of the potentially case-dispositive Motion to Dismiss.

## II. ARGUMENT

**A. Plaintiffs' proposed "limited discovery" extends well beyond avoiding "third-party evidence loss."**

While Plaintiffs characterize their intended discovery as narrow in scope, Plaintiffs' opposition brief makes clear that Plaintiffs intend to serve broad discovery requests on Chobani that are unrelated to avoiding "third-party evidence loss." Plaintiffs state that they intend to serve ten requests for production on Chobani. Opp. at 1; Pls. Ex. A. But these requests are not tailored to ensure the preservation of evidence (let alone the preservation of *third-party* evidence), and instead seek broad document productions involving core aspects of Plaintiffs' allegations. For example, Plaintiffs' open-ended requests seek information related to "Chobani Zero Sugar Yogurt's compliance with FDA labeling regulations or guidance" and the "manufacture and sourcing of the allulose used in the production of Chobani Zero Sugar Yogurt." Pls. Ex. A at 1. If Plaintiffs are permitted to serve these broad requests, Chobani would be required to spend substantial resources preparing appropriate responses and objections, collecting any responsive documents among the materials being preserved for this litigation, and producing such documents to Plaintiffs. Starting this burdensome process is wasteful, unnecessary, and premature while a potentially case-dispositive Motion to Dismiss remains pending.

A stay of discovery is especially appropriate because Plaintiffs' overly broad requests are not aimed at avoiding the loss of evidence. Plaintiffs' opposition brief acknowledges that the parties are obligated to preserve potentially relevant materials. Opp. at 3; *see also* Mot. at 3; Fed. R. Civ. P. 37. The product at issue—including the challenged label—remains in the market,

2

available for sale and purchase.  The risk of any evidence being lost is therefore low, and Plaintiffs are not prejudiced.  *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 n.1 (N.D. Ill. Mar. 9, 2022) (no preservation-related prejudice where "[defendant], now on notice of the claims against it and the scope of discovery [plaintiff] intends to seek, has an obligation to preserve evidence material to the litigation").

In short, Plaintiffs are seeking to begin discovery *from Chobani* to develop their claims—not to avoid losing any evidence.  Given that Plaintiffs are seeking broad discovery that would be burdensome to the parties and the Court, and there is no risk that any relevant evidence will be lost, Chobani respectfully requests that its motion for a stay of discovery be granted.

**B.      Even limited discovery is not warranted because Chobani has asserted legal grounds to dismiss all of Plaintiffs' claims.**

Plaintiffs' opposition brief claims that discovery should proceed because Chobani has not moved to dismiss the Complaint in its entirety.  Opp. at 6 ("While Chobani asserted several arguments in its motion to dismiss, it did not seek to dismiss the complaint in its entirety.").  This is not correct—and Plaintiffs have no basis for that statement.  Chobani's Motion to Dismiss argues that all of Plaintiffs' claims are preempted by federal law.  MTD at 4 ("Plaintiffs' claims should be dismissed as preempted because they seek to impose different requirements than those enforced by FDA for the labeling of allulose.").  Chobani also asserts that "Plaintiffs' Complaint fails in its entirety on the merits," that "Plaintiffs' claims are fundamentally defective and no amendment can salvage them," and that the "Complaint should be dismissed with prejudice."  *Id.* at 13, 15.  Chobani's reply brief in support of the Motion to Dismiss further underscored these positions.  Reply at 1, 10.  Plaintiffs' claim that Chobani "did not seek to dismiss the complaint in its entirety" is plainly wrong.  Opp. at 6.

3

Based on this flawed premise, Plaintiffs wrongly assert that "the parties will need to proceed with discovery" on certain counts "now, or in the future." *Id.* That is not accurate. For example, if the Court finds that Plaintiffs' claims are preempted by federal law, none of Plaintiffs' claims can survive and this case cannot proceed to discovery. *See Calderon v. Procter & Gamble Co.*, 2022 WL 20742696, at *2 (N.D. Ill. Oct. 6, 2022) ("Defendant also argues that the Federal Food, Drug, and Cosmetic Act expressly preempts all of Plaintiff's claims . . . in considering a request to stay, the Court considers the fact that Defendant's arguments may be dispositive, rendering discovery unnecessary."). As Chobani's motion sets forth, courts routinely find that discovery should be stayed while such a dispositive motion is pending. Mot. at 2 (citing cases).

**C.    Third parties should not be burdened with even limited discovery while a dispositive motion to dismiss is pending.**

With respect to third-party discovery, Plaintiffs should not be permitted to begin serving burdensome discovery requests on third parties while Chobani's Motion to Dismiss remains pending. The third parties identified by Plaintiffs are corporate retailers and manufacturers. *See* Pls. Ex. A (identifying four third-party companies). These third parties have their own commercial interests that would be materially burdened by responding to premature discovery requests. "It's one thing for parties to subject one another to the rigors of discovery – rightly regarded as the bane of modern litigation . . . but non-parties have a different set of expectations." *Romspen Inv. LP v. MFI-Miami Holdings LLC*, 2025 WL 372092, at *3 (N.D. Ill. Feb. 3, 2025). "Because of the different expectations for non-parties in accepting the burdens of litigation, courts give special weight to the unwanted burdens thrust upon non-parties" when resolving discovery disputes. *Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093, at *2 (N.D. Ill. Aug. 17, 2015). Chobani submits that it would be inefficient to require these third parties to use their resources responding (and potentially objecting) to Plaintiffs' discovery requests when discovery could be entirely

unnecessary given the pending Motion to Dismiss. *Cf. In re Broiler Chicken Antitrust Litig.*, 2017 WL 5347590, at *3 (N.D. Ill. Nov. 13, 2017) (requiring parties to seek leave of court before serving production requests on third parties "[t]o ensure that no party attempts to fling open the floodgates of third-party discovery before a ruling on the motions to dismiss").

**D. Chobani does not object to third-party subpoenas solely for preservation purposes.**

Chobani has no objection to Plaintiffs merely sending third parties preservation subpoenas. Chobani has previously informed Plaintiffs that Chobani has no objection to Plaintiffs sending preservation notices to third parties to preserve relevant evidence in connection with this case. Chobani is not aware of, and does not believe, that Plaintiffs ever sent any preservation notices to third parties. Mot at 3. During the February 11, 2025 met and confer between the parties, Chobani also made clear it had no objection to Plaintiffs sending preservation notices to third parties. Still, to the best of Chobani's knowledge, Plaintiffs have not sent preservation notices to any third parties. *Id.* Chobani has no objection if Plaintiffs wish to send preservation notices or subpoenas to third parties simply to prevent any evidence loss. Allowing Plaintiffs to serve preservation subpoenas on third parties, while pausing more burdensome discovery, would at least strike a balance between protecting against the potential for loss of third-party evidence and burdening third parties with inefficient and potentially unnecessary discovery. Any additional discovery along the lines that Plaintiffs describe is not warranted.

### III. CONCLUSION

Plaintiffs' effort to begin discovery before the Court reaches a decision on the Motion to Dismiss should be rejected. The parties' briefing makes clear that Plaintiffs are not seeking "limited" discovery of third parties only, and there is no risk that relevant evidence will be lost. Moreover, Chobani does not object to Plaintiffs sending preservation notices or subpoenas to third

parties if Plaintiffs believe they are necessary to avoid the loss of third-party evidence. Chobani respectfully requests that the Court otherwise grant a stay of discovery.

Dated: March 21, 2025

Respectfully submitted,

By: /s/ *Andrew S. Tulumello*

Andrew S. Tulumello
**WEIL, GOTSHAL & MANGES LLP**
2001 M Street, N.W.
Washington, DC 20036
Telephone: (202) 682-7100
Facsimile: (202) 857-0940
drew.tulumello@weil.com

Erik J. Ives
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1239
Facsimile: (312) 224-1201
eives@foxswibel.com

*Counsel for Defendant Chobani, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 21, 2025, he caused the foregoing document to be electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, which shall send notification of such filing to all counsel of record.

By: /s/ *Andrew S. Tulumello*