**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jason Franco and Abigail Franco, individually and on behalf of all other similarly situated class members,<br><br>Plaintiffs,<br><br>v.<br><br>Chobani, LLC,<br><br>Defendant. | **Case No. 1:23-cv-03047**<br><br>**JURY DEMANDED** |

**<u>JOINT STATUS REPORT</u>**

Pursuant to the Court's September 8, 2026 Order (Dkt. 58), the Parties hereby submit this Joint Status Report and state as follows:

## INTRODUCTION

**1. <u>The Nature of the Case</u>:**

A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

**<u>Counsel For Plaintiffs</u>**:

Yates M. French
Heather L. Kramer
Rathje Woodward LLC
300 East Roosevelt Road. Suite 300
Wheaton, Illinois 60187
Phone: 630-668-8500
Emails: yfrench@rathjewoodward.com
hkramer@rathjewoodward.com

Alexander H. Burke
Burke Law Offices, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Phone: (312) 729-5288
Email: ABurke@BurkeLawLLC.com

__Counsel For Defendant__:

Andrew S. Tulumello
Arianna Scavetti
Weil, Gotshal & Manges LLP
2001 M Street, N.W.
Washington, DC 20036
Phone: (202) 682-7100
Emails: drew.tulumello@weil.com
arianna.scavetti@weil.com

Erik J. Ives
Fox, Swibel, Levin & Carroll, LLP
200 W. Madison St.
Suite 3000
Chicago, IL 60606
Phone: (312) 224-1239
Email: eives@foxswibel.com

B. **Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third-party claims.**

This is a product labeling case brought pursuant to the Illinois Consumer Fraud Act, 815 ILCS 505/1 et seq. ("ICFA"), which alleges that the labeling of Chobani's "Zero Sugar" product label was unfair, misleading and deceptive because it stated that Chobani's "Zero Sugar" product contained zero sugar, when the product allegedly contained sugar.

No counterclaims or third-party claims have been filed to date.

C. **Briefly identify the major legal and factual issues in the case.**

**Plaintiffs' Position:**

Plaintiffs' Amended Complaint pleads an "issue" class pursuant to Fed.R.Civ.P. 23(c)(4), with respect to whether the labeled product "was likely to mislead a reasonable consumer," which overlaps with a related mixed question of fact and law regarding the literal falsity of the label. *See Foster v. Nestle USA, Inc.,* No. 24-CV-8536, 2026 WL 893348, at *4 (N.D. Ill. Mar. 31, 2026) (citing *Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750, 756 (7th Cir. 2014) for the proposition that "a misrepresentation meets that standard if it "is either (1) literally false, or (2) likely to mislead (either through a statement or material omission) a reasonable consumer"")); *see also Franco v. Chobani, LLC,* 184 F.4th 599, 608 (7th Cir. 2026) ("After discovery, the Francos must prove that reasonable consumers could be misled by Chobani's promises.")

If Plaintiffs establish that the product's label was deceptive for the issue class, Plaintiffs also intend to prove the remaining elements of their own individual claims, namely that (i) they suffered a pecuniary loss that was (ii) proximately caused by the deceptive label. Plaintiffs also acknowledge that Chobani's affirmative defenses raise mixed questions of fact

and law regarding whether Plaintiffs' ICFA claims are barred by the safe harbor provision of the ICFA, even though the FDA specifically told Chobani that the label used to deceive the Franco's violated federal regulations and Chobani changed the label after the Franco's purchased the deceptive product.

**Defendant's Position:**

In Defendant's view, the issues to be decided include: (i) whether Plaintiffs' claims are preempted by federal law; (ii) whether Plaintiffs' claims are barred by the safe harbor provision of the ICFA; (iii) whether the "Zero Sugar" product label was likely to deceive a significant portion of reasonable consumers acting reasonably under the circumstances; (iv) whether Plaintiffs were actually deceived by, relied upon, or purchased the product because of those statements; (v) whether Plaintiffs suffered actual damage proximately caused by the alleged deception; and (vi) the proper measure of any such damage. Additional issues to be decided include whether Plaintiffs can satisfy the requirements of Rule 23(a) and Rule 23(b)(3) with respect to their proposed Rule 23(c)(4) issue class, including whether certification of a single "deception" issue would materially advance the resolution of this litigation given the individualized issues of causation, injury, and damages that Plaintiffs acknowledge would remain for every class member.

D. **State the relief sought by any of the parties**.

Pursuant to Fed.R.Civ.P. 23(c)(4) Plaintiffs seek certification and classwide adjudication of the key disputed issue in this case: whether Chobani's label was deceptive, as well as declaratory relief regarding the same.

Pursuant to Counts II and III, Plaintiffs seek equitable remedies, including disgorgement and restitution. On an individual basis, Plaintiffs seek to recover actual and punitive damages pursuant to Count I; Plaintiffs do not seek to recover classwide monetary damages pursuant to Count I in this proceeding. Plaintiffs also seek to recover legal fees and costs.

Defendant seeks judgment in its favor on all claims in the amended complaint.

**2.** **<u>Jurisdiction</u>:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A. **Identify all federal statutes on which federal question jurisdiction is based.**

Subject matter jurisdiction is based upon the Class Action Fairness Act, 28 U.S.C. § 1332, because the case is brought as a class action under Federal Rule of Civil Procedure 23 and at least one proposed class member is of diverse citizenship from Chobani.

B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

Although Chobani denies liability and denies that Plaintiffs or any putative class member is entitled to any relief, the parties agree that the amended complaint places an amount in controversy in excess of $5,000,000.

(2) Identify the state of citizenship of each named party. For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

Jason Franco & Abigail Franco: Citizens of Illinois

Chobani, LLC is incorporated in Delaware and has its principal place of business in New York.

**3.** **Status of Service:** Identify any defendants that have not been served.

Defendant Chobani, LLC was served with the original complaint on May 22, 2023. Chobani was served with the amended complaint on September 15, 2026. All parties have been served.

**4.** **Consent to Proceed Before a United States Magistrate Judge**:

The parties have discussed the possibility of proceeding before a Magistrate Judge with their clients, and they do not unanimously consent.

**5.** **Motions:**

A. **Briefly describe any pending motions.**

There are no motions currently pending. Plaintiffs filed their amended complaint on September 15, 2026, with Chobani's written consent pursuant to Federal Rule of Civil Procedure 15(a)(2). *See* Dkt. 59. Chobani expressly reserved all rights, including the right to raise any relevant defense, objection, or argument.

B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Chobani currently anticipates responding to the amended complaint by filing an Answer.

**6. Status of Settlement Discussions:**

**A. Indicate whether any settlement discussions have occurred;**

No settlement discussions have occurred at this time.

**B. Describe the status of any settlement discussions; and**

No settlement discussions are currently in progress.

**C. Whether the parties request a settlement conference.**

The parties do not presently request a settlement conference.

**7. Proposed Case Management Schedule:**

The parties disagree on the phasing and sequencing of discovery and the timing of a proposed case management schedule.

**Plaintiffs' position:**

Plaintiffs' position is that the Court should adopt a phased and bifurcated approach to discovery. Plaintiffs propose an initial Phase One of discovery on the central and controlling issue in this case: Whether Chobani's Zero Sugar label was deceptive under the "reasonable consumer" standard. As soon as practicable, with the benefit of this initial phase of discovery, Plaintiffs will seek certification of their 23(c)(4) issue class, and if successful this issue can be adjudicated on a classwide basis. In Phase Two, Plaintiffs intend to prove the remainder of their individual claims, including individual proximate causation and pecuniary loss.

There are practical as well as legal reasons why front-loading the class issue makes good sense. First of all, if Plaintiffs ultimately fail in establishing that the Zero Sugar label was deceptive, the case is over and Plaintiffs lose. In that case individual fact questions regarding any purchasers' subjective interpretations of the label or the exact measure of pecuniary loss would be unnecessary.[1]

Second, the proposed class issue regarding deception/reasonable consumer standard "is particularly appropriate for class-wide resolution" because "it is the most central aspect of every class member's consumer fraud claim" and "the proof needed to resolve the question of liability—survey evidence and expert testimony—is common to all class members." *Suchanek v. Sturm Foods, Inc.*, 311 F.R.D. 239, 259 (S.D. Ill. 2015). Because "the claims of

[1] Chobani's contention that bifurcating discovery phases would lead to fact witnesses being deposed multiple times makes no sense. Jason and Abigail Franco will have very little to say on the objective question of how "reasonable consumers" behave, and the issue of deception will ultimately turn on documentary evidence and expert testimony. Likewise, in Phase Two, Plaintiffs intend to prove damages through expert testimony. And as for Chobani's fact witnesses, Plaintiffs' counsel will agree not to depose any of them in their individual capacity more than once (excepting 30(b)(6) representatives).

every class member will rise or fall on the resolution of that question," and because that issue turns on an objective question of fact, it makes sense to resolve it first. *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 757 (7th Cir. 2014)

In contrast, Chobani proposes immediate and broad discovery on individual issues of causation, injury, and damages, including into individual consumers' "understanding of the label," and "to what extent the "Zero Sugar" might influence purchasing decisions."[2] (*see* Defendant's position *supra*). In support of this position, Chobani argues that "discovery on the deception issue cannot be cleanly segregated from discovery on the related issues of causation, injury, and damages." *Id.*

Respectfully, this is flat wrong as a matter of law and contrary to controlling 7th Circuit authority. The issue of whether or not a food label is "deceptive" and "likely to mislead a reasonable consumer" is "**an objective question, not one that depends on each purchaser's subjective understanding of the package.**" *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 758 (7th Cir. 2014) (emphasis added). While individualized questions regarding proximate causation and the measure of economic damages may require discovery into and consideration of individual purchaser's subjective understanding of the package, the proposed 23(c)(4) issue class expressly does not. *Id*; *see also Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1100 (N.D. Cal. 2018) (Because these issues "are objective questions, they are ideal for class certification because they will not require the court to investigate class members' individual interaction with the challenged products.")

Chobani's arguments against phased discovery are really just arguments against certifying a 23(c)(4) issue class. These arguments are both premature and meritless. The 7th Circuit has repeatedly held that individualized questions regarding proximate causation or damages should not prevent a court from adjudicating a core common issue that governs the claims of the entire class. *See, e.g. Svoboda v. Amazon.com Inc.*, 168 F.4th 956, 964 (7th Cir. 2026) ("Not all elements of liability must be resolved on a classwide basis to satisfy Rule 23 [and] Supreme Court precedent is clear on this point."). "It has been recognized by the Seventh Circuit that the mere presence of individualized issues does not require denial of certification of an ICFA class." *In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Pracs. Litig.*, 422 F. Supp. 3d 194, 257 (D.D.C. 2019); *see also Suchanek*, 764 F.3d at 759 ("error of law" to find "that individual issues necessarily predominate in cases requiring individual subjective inquiries into causality"); *see also Pella Corp*, 606 F.3d at 394 ("Proximate cause ... is necessarily an individual issue and the need for individual proof alone does not necessarily preclude class certification."); *In re IKO Roofing Shingle Prods. Liab. Litig.*, 757 F.3d 599, 601-04 (7th Cir. 2014) (reaffirming *Pella* and remanding for reconsideration of class certification despite the existence of potential individualized questions of causation); *see also Mullins v. Direct Digital, LLC,* 795 F.3d 654, 673 (7th Cir.

---

[2] Presumably this relates to the argument Chobani made before the 7th Circuit that individual purchasers in the proposed class don't actually "care" whether their Zero Sugar yogurt contains a chemical monosaccharide and thus didn't rely on the deceptive label. *Franco v. Chobani, LLC*, 184 F.4th 599, 607 (7th Cir. 2026). But as the 7th Circuit explained when rejecting this exact argument, **"whether reasonable consumers care about the existence of allulose in their yogurt isn't the same thing as asking whether reasonable consumers would be *deceived* by it."** *Id* (emphasis added)

2015) (Whether statements on labels were false or misleading "is a "common contention" that is "capable of classwide resolution" because the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.").

Plaintiffs' position is that whether or not the label actually and objectively violates the reasonable consumer standard is a controlling gateway issue. Discovery on this objective issue is relatively discrete, and can be accomplished quickly and efficiently, conserving both party and judicial resources. Combining individualized questions of personal deception, proximate cause, and actual pecuniary loss will substantially increase the time and expense of discovery, including expert discovery. Discovery regarding causation and damages will also involve significant third party discovery, such as discovery on Defendant's retail distribution customers and grocers, which increases the likelihood of substantial motion practice, expense, and delay.

There is strong precedent for proceeding with a bifurcated/phased case management plan in food labeling cases like this. *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) ("It is routine in class actions to have a final phase in which individualized proof must be submitted."). As the district court in *Suchanek* concluded (after the 7th Circuit weighed in), "proximate causation and reliance are simpler issues than the issue of liability, and the information needed to prove them is more accessible to individual litigants than the information needed to prove liability." *Suchanek*, 764 F.3d at 760. ("The individualized assessments can be conducted after liability is determined and damages are being considered."). This is persuasive authority and good common sense, and in plaintiffs' view shows the best path forward. The objective issue of deception/reasonable consumer standard should be addressed in Phase One. If any of Plaintiffs' claims survive after this controlling issue is resolved, "it would be a straightforward matter for each purchaser to present her evidence on reliance and causation," (including in subsequent state court proceedings, allowing class members to recover their damages and legal expenses without having to individually prove that the label was deceptive). *Id* at 760 ("Indeed, if the class prevails, the case would probably be quickly settled.").[3]

There are three final points that Plaintiffs wish to make clear in response to Chobani's arguments below:

***First,*** Plaintiffs agree with Chobani that the Francos depositions should occur as soon as practicable. Regardless of whether the Court adopts Plaintiffs' bifurcated discovery plan or Chobani's discovery plan, these depositions should obviously cover a full examination of the facts and circumstances surrounding the Francos' purchase of the product, including what they thought the Zero Sugar labeling claims meant. What Plaintiffs object to is engaging in wide ranging expert and class discovery on all issues related to causation and

[3] Adopting this phased approach for discovery would be without prejudice to Chobani's arguments opposing class certification. If Chobani truly believes that the individual variance among consumers buying identical "Zero Sugar" yogurt containers is analogous to the fact intensive and highly individualized employee/manager supervision at issue in *Jack's Direct* they are free to make that argument at a later date. *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 899 (7th Cir. 2024). But in the meantime discovery can and should proceed on the question of objective fact at the heart of this consumer fraud lawsuit: whether the food label at issue was actually deceptive.

damages, when those issues may very well end up being moot depending on how resolution of deception/reasonable consumer standard turns out.

***Second***, Chobani's discussion of *Jack's Direct* omits a key point. Of course certification of an issue class will require Plaintiffs to satisfy the requirements of 23(b)(3), but only with respect to the discrete issue that is the "subject of the certification motion **and not as to the cause of action taken as a whole."** *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 897 (7th Cir. 2024). Specifically, this will not require Plaintiffs to show that common questions of law and fact predominate as to the elements of proximate causation and individual damages, which is why Plaintiffs propose sequencing discovery on these issues for Phase Two.

***Third***, Defendant's characterization of Plaintiffs' supposed motives and intentions in commencing the *Kuznicki* litigation in the Eastern District of New York are inaccurate and frankly unfair. Plaintiffs have been fully transparent with both Chobani and this Court regarding this separate litigation. This Court's prior ruling regarding the application of *Bristol Meyer Squibb* to personal jurisdiction in this forum required out of state Plaintiffs to pursue their claims elsewhere, and unlike Illinois, Chobani is subject to general personal jurisdiction in New York. The *Kuznicki* plaintiffs commenced litigation to prevent their claims from potentially lapsing under the applicable statutes of limitations, and to seek recovery for their alleged harms in a forum with sufficient jurisdiction to address them. As Plaintiffs have consistently represented, they are committed to transparent and efficient coordination of all Zero Sugar claims brought against Chobani, and will work with opposing counsel to avoid duplicative litigation.

**Defendant's position:**

Chobani's position is that the most practical and efficient way to proceed is a single discovery track covering all remaining issues in the case, with all fact discovery to be completed before a period of expert discovery.

Plaintiffs' proposed phased approach to discovery—an initial phase limited to the deception issue, with all other discovery deferred—is inefficient and based on Plaintiffs' incorrect assumption that they are entitled to certification of an issue class on whether Chobani's labeling was likely to mislead a reasonable consumer. No issue class has been certified, and whether one *should* be certified turns on evidence—about the named Plaintiffs, about the class, and about the individualized issues that would remain after the certified issue is decided—that Plaintiffs' proposal would place off-limits until Phase Two. Plaintiffs' proposal would therefore deprive the Court and the parties of the robust record necessary to decide the Rule 23(c)(4) motion Plaintiffs say Phase One is designed to tee up. The inefficiency of Plaintiffs' proposal is that it assumes the answer to the certification motion in order to justify a discovery plan that would insulate that motion from the evidence bearing on it. But this Court is required to conduct a "rigorous analysis" under Rule 23 to determine whether certification is proper. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). And as the Supreme Court has explained, that analysis will frequently "entail some overlap with the merits of the plaintiff's underlying claim. . . [and] generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351. Plaintiffs would instead have this Court conduct the "rigorous analysis" on an

incomplete record where one party's certification evidence has been deliberately excluded by design.

First, Plaintiffs' proposed phasing rests on the incorrect premise that a Rule 23(c)(4) motion can be decided on evidence about the label alone. But an issue class must satisfy every requirement of Rule 23(a), including typicality and adequacy. *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 896 (7th Cir. 2024) (a party seeking certification "must demonstrate first" that the Rule 23(a) prerequisites are met before proceeding under Rule 23(b) or (c)(4)); Fed. R. Civ. P. 23(a)(3)–(4). Whether the Francos are typical of, and adequate to represent, a class of thousands of Illinois purchasers cannot be determined without discovery into the Francos' alleged purchases of the product: what they saw on the label, what they understood "sugar" to mean, why they purchased the product, how often and where they bought it, what they paid, and whether they continued to purchase after learning it contained allulose—and then comparing those facts to the class. Yet Plaintiffs' proposal labels the Francos' purchases, and how they compare to the class as merely "individual" causation and damages issues and defers them to Phase Two. Their assertion that the Francos will have "very little to say" on whether reasonable consumers are deceived misses the point: Under Rule 23(a), the Franco's testimony on these issues is a prerequisite to *any* certification. Chobani is entitled to depose the Francos on these subjects before any certification motion is heard—and there is no coherent, discrete, or efficient way to depose them exclusively on "what they saw" in Phase One and "why they bought and what they paid" in Phase Two—nor would that fully address Rule 23(a)'s requirements.

Second, Plaintiffs' proposed phasing would sidestep discovery regarding the *superiority* inquiry that *Jacks* makes central to Rule 23(c)(4). A party seeking issue certification must show not only that common questions predominate as to the certified issue, but that certifying it "would be the most practical and efficient way to resolve the litigation." *Jacks*, 118 F.4th at 898. That inquiry turns on "the magnitude of what remains" after the issue is decided. *Id.* at 899. Plaintiffs' proposal would defer discovery into the magnitude of factual issues that would remain.

Chobani intends to develop evidence that "what remains" is substantial: that causation, injury, and damages will vary widely across the class and will swamp any efficiency gained by resolving the deception issue. As a matter of law, every class member must prove actual damage proximately caused by the deception—that he or she was "in some manner, deceived." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856, 861 (Ill. 2005). And the Seventh Circuit has squarely held that causation cannot be presumed classwide from mere exposure to a uniform representation. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513-15 (7th Cir. 2006). Thus, even if Plaintiffs' proposed issue class on deception were certified and Plaintiffs prevailed on the certified issue, every class member would still have to establish causation, injury, and damages—as the Amended Complaint itself acknowledges. *See* Am. Compl. ¶ 113 (a classwide determination of the deception issue would leave "causation/injury/damages issues" for subsequent adjudication as to every class member). Discovery would likewise remain on Plaintiffs' remaining claims for violation of the ICFA, money had and received, unjust enrichment, and declaratory relief, as well as Chobani's affirmative defenses, including the ICFA's safe harbor provision and federal preemption.

Plaintiffs' proposed phasing would exclude all this evidence from discovery in Phase One. But the Court cannot decide whether Rule 23(c)(4) issue certification is "the most practical and efficient way to resolve the litigation" without the benefit of a complete record on whether the potential for hundreds or thousands of individualized mini-trials on these issues would advance the interests of justice. Under *Jacks*, Chobani should not be expected to oppose class certification on a record that contains no evidence of the magnitude or variance of the remaining issues.

Plaintiffs' reliance on *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014), only underscores the problem. *Suchanek* did not address discovery sequencing at all. It addressed commonality under Rule 23(a)(2)—on a record developed through *full* discovery. And far from directing certification, the Seventh Circuit remanded for the district court to determine "whether classwide resolution would substantially advance the case." *Id.* at 761. That is the same inquiry *Jacks* now frames as superiority, and it cannot be conducted on a record from which the remaining issues have been excluded. Plaintiffs' other authorities (*Svoboda*, *Mullins*, *Pella*, *IKO*) likewise concern whether individualized issues preclude certification—a Rule 23 question Chobani will address at the appropriate time, on a record that must include the discovery Plaintiffs' Phase One would foreclose. The passage Plaintiffs quote—that causation and reliance are "simpler issues" whose "individualized assessments can be conducted after liability is determined," *id.* at 760—is trial-management language that addresses how individualized issues might be handled after certification and a classwide liability finding, not what discovery record a court needs to decide certification in the first place. And it cuts against Plaintiffs: It concedes that causation and reliance would remain for individual proof by every class member—and whether those issues would truly prove "simpler" for thousands of purchasers who must each show actual damage proximately caused, *Avery*, 835 N.E.2d at 856, is exactly what *Jacks*'s "magnitude of what remains" inquiry requires discovery to test.

Third, the deception issue itself cannot be litigated on the "discrete" record Plaintiffs imagine. The reasonable consumer standard is objective in that it asks about the reasonable consumer rather than the particular plaintiff, but it does not dispense with proof of what reasonable consumers understand and how they act. The standard looks to the actual behavior of real consumers, under the totality of the circumstances, taking into account all information available to consumers and the context in which it is provided. *Kahn v. Walmart Inc.*, 107 F.4th 585, 592–95 (7th Cir. 2024). The inquiry turns on whether a significant portion of the consuming public "acting reasonably in the circumstances" would actually be deceived by the challenged label, and the parties are "entitled to present evidence on how consumers actually understand these labels." *See Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 480 (7th Cir. 2020). That question cannot be answered in a vacuum. In cases like this one, the relevant proof is extrinsic evidence of actual consumer understanding—most often, consumer survey evidence. *See Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969 (7th Cir. 2020). A properly designed survey—and the experts who design, administer, and critique it—will address in a single instrument how consumers understand "Zero Sugar," whether that understanding is material to and motivates purchasing decisions, and whether the challenged statement affects the products' price. Pricing evidence is the same, because Plaintiffs' theory is that Chobani used its "Zero Sugar" to deceive consumers into purchasing a product they otherwise would not have purchased or paying more for it than they otherwise would have. Am. Compl. ¶¶ 126–27. Whether "Zero Sugar" in fact commands a price premium

is evidence of whether reasonable consumers understand the label to promise the absence of allulose and whether they are deceived about the benefit of their bargain. The same pricing evidence bears equally on materiality—a fundamental element of deception—because it informs the analysis of whether a reasonable consumer would have acted differently—declined to purchase, or declined to pay the price charged—had she known about the presence of allulose. Additionally, third-party discovery (including discovery from FDA) will be necessary to establish whether the "Zero Sugar" label was specifically authorized—the predicate for Chobani's ICFA safe harbor and preemption defenses, which turn on the same label statement and the same regulatory context that any assessment of deception must take into account. *See Kahn*, 107 F.4th at 592–95. Discovery on deception therefore cannot be cleanly segregated from discovery on causation, injury, and damages; the facts and legal issues overlap. Plaintiffs' proposal would either force the parties to conduct artificially-truncated "deception only" surveys and expert analyses in Phase One and then repeat that exercise in Phase Two, or invite constant line-drawing over which survey questions, document requests, and deposition topics fall on which side of an artificial boundary.

Plaintiffs' proposed plan also appears to be in service of trying to advance or pre-determine issues in other litigation. Two weeks before filing the amended complaint that narrowed this case to an Illinois issue class, Plaintiffs' counsel filed a *new* case against Chobani in the Eastern District of New York. *See Kuznicki v. Chobani, LLC*, No. 1:26-cv-05339, ECF No. 1 (E.D.N.Y. filed Aug. 28, 2026). The *Kuznicki* complaint seeks certification of New York, California, Michigan, and Pennsylvania classes and raises nearly identical consumer deception claims against Chobani. *Kuznicki* Compl. ¶ 65. Indeed, the *Kuznicki* complaint plainly states that it "alleges claims and conduct substantially identical to" this case and that the plaintiffs there "are represented by the same counsel as the Plaintiffs in the NDIL Lawsuit." *Id.* ¶¶ 7–9. Plaintiffs' phased discovery proposal thus suggests that plaintiffs intend on obtaining a class-wide deception finding on a truncated record in this case to deploy against Chobani in parallel litigation seeking multi-state class relief. Whatever the merits of that strategy, it is not a reason for this Court to customize a novel discovery plan that limits Chobani's discovery rights.

In sum, Plaintiffs' phased approach would not streamline this case; it would hollow out the record on which the Court must decide certification, while generating duplicative depositions, two rounds of expert retention and discovery, and a longer overall schedule. Chobani's proposal, by contrast, resolves all discovery on the same timeline as Plaintiffs' proposed Phase One and ensures that when the certification motion is heard, it is heard on a complete record. Chobani therefore proposes, as set forth below, a single discovery track for fact and expert discovery, with class certification, *Daubert* motions, and summary judgment briefed on a coordinated schedule after the close of expert discovery.

**Proposed Case Management Schedule:**

| Event | Chobani's Proposed Date | Plaintiffs' Proposed Date |
|---|---|---|
| Chobani's Answer to Plaintiffs' Amended Complaint | October 15, 2026 | Agreed |

| **Event** | **Chobani's Proposed Date** | **Plaintiffs' Proposed Date** |
|---|---|---|
| Initial Disclosures | October 29, 2026 | Agreed |
| Deadline to Join Parties or Seek Leave to Amend | November 16, 2026 | Agreed, subject to subsequent showings of good cause. |
| Close of Fact Discovery | July 16, 2027 | Plaintiffs propose July 16, 2027 as the close of Phase One Fact Discovery, on the specific issue of deception/reasonable consumer standard.<br><br>To the extent the Court does not adopt the bifurcated and phased approach suggested by Plaintiffs, Plaintiffs' position is that completing fact discovery on every issue in this case cannot be completed prior to January 2028. |
| Opening Expert Reports | August 16, 2027 | Agreed as to Phase One Experts, with subsequent phases reserved |
| Rebuttal Expert Reports | September 15, 2027 | Agreed as to Phase One Experts, with subsequent phases reserved |
| Reply Expert Reports | October 15, 2027 | Agreed as to Phase One Experts, with subsequent phases reserved |
| Close of Expert Discovery | November 16, 2027 | Agreed as to Phase One Experts, with subsequent phases reserved |
| Class Certification Motion(s) | January 17, 2028 | Agreed as to Phase One, with subsequent phases reserved.<br><br>*Note that Plaintiffs view this proposed deadline as the outside cutoff date for class certification. Plaintiffs intend to seek class certification as soon as practicable. |
| *Daubert* Motion(s) | January 17, 2028 | Agreed as to Phase One, with subsequent phases reserved. |

| Event | Chobani's Proposed Date | Plaintiffs' Proposed Date |
|---|---|---|
| Summary Judgment Motion(s) | January 17, 2028 | Plaintiffs agree to January 17, 2028, as the outside cutoff date to file a motion for summary judgment on the class issue of deception (without prejudice to either party's ability to file such a motion earlier).<br><br>Plaintiffs propose to bifurcate discovery and adjudication of the remaining elements of the Franco's claims for a subsequent phase. |
| Oppositions to Class Certification, *Daubert*, and Summary Judgment Motions | March 17, 2028 | Plaintiffs do not object to the outside dates proposed by Defendant for Phase One Class Certification, Daubert, and Summary Judgment Motions. However, to the extent either party files any such motion at an earlier date Plaintiffs' position is that responses should be due within 60 days, with Replies due 30 days after that. |
| Reply Briefs in Support of Class Certification, *Daubert*, and Summary Judgment Motions | April 17, 2028 | See above |

Dated: September 21, 2026

Respectfully submitted,

/s/ *Yates M. French*

Yates M. French
Heather L. Kramer
Rathje Woodward LLC
300 E. Roosevelt Road, Suite 300
Wheaton, IL 60187
Ph: (630) 668-8500
Fax: (630) 668-9218
yfrench@rathjewoodward.com
hkramer@rathjewoodward.com

*Attorneys for Plaintiffs*

/s/ *Andrew S. Tulumello*

Andrew S. Tulumello
Arianna Scavetti (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, N.W.
Washington, DC 20036
Telephone: (202) 682-7100
Facsimile: (202) 857-0940
drew.tulumello@weil.com
arianna.scavetti@weil.com

Erik J. Ives
FOX, SWIBEL, LEVIN & CARROLL, LLP
200 West Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1239
Facsimile: (312) 224-1201
eives@foxswibel.com

*Attorneys for Defendant Chobani, LLC*

**CERTIFICATE OF SERVICE**

I, Andrew S. Tulumello, an attorney, certify that I caused a copy of the foregoing to be served via ECF on all counsel of record this 21st day of September, 2026:

/s/ *Andrew S. Tulumello*