**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Jason Franco and Abigail Franco, individually and on behalf of all other similarly situated class members, | ) | |
| Plaintiffs, | ) | No. 23 CV 3047 |
| v. | ) | Judge John J. Tharp, Jr. |
| Chobani, LLC, | ) | |
| Defendant. | ) | |

**ORDER**

The Court enters the discovery schedule set forth in the Statement below. An in-person status hearing will be held on December 15, 2026 at 9:00 a.m. in Courtroom 2303.

**STATEMENT**

In the joint status report the parties have submitted [60], they vigorously debate whether discovery in this case should be bifurcated. The plaintiffs maintain that discovery should first be limited to whether Chobani's "Zero Sugar" label is deceptive under the "reasonable consumer" standard. Because that question turns on objective evidence, rather than on each purchaser's subjective understanding of the label, the plaintiffs contend that limiting discovery to this issue—before conducting discovery of other, concededly individualized, issues (such as causation, injury, and damages)—will be more efficient; a determination that the label is misleading would resolve that question for all members of the putative class and spur settlement efforts, while a determination that the label was not objectively misleading would obviate the need for individualized discovery entirely.

Chobani disagrees. It maintains that "the deception issue itself cannot be litigated on the 'discrete' record Plaintiffs imagine." Even seeking only certification of an "issue class" under Rule 23(c)(4), Chobani points out, the plaintiffs must satisfy the requirements of Rule 23(a), including typicality and adequacy. *Jacks v. DirectSat USA, LLC*, 118 F4th 888, 896 (7th Cir. 2024. In addition, "a party seeking certification of an issue class under Rule 23(c)(4) must show that common questions predominate in the resolution of the specific issue or issues that are the subject of the certification motion and not as to the cause of action, taken as a whole." *Id.* at 897. In addition to demonstrating that common questions predominate as to each issue to be certified, a party seeking certification under Rule 23(c)(4) must show that certifying the proposed issues would be the most practical and efficient way to resolve the litigation. *Id.*

In calling for "full" discovery, Chobani appears to argue that without it, the court cannot assess whether certification of an issue class under Rule 23(c)(4) is the most efficient and practical way to resolve the dispute as to whether the "No Sugar" label is misleading. That assessment,

Chobani asserts, depends on the magnitude of what remains to be decided after resolution of the common issue. But discovery is not needed to understand that litigating just the issue as to whether the label is misleading may leave open those individualized questions and require "hundreds or thousands of individualized mini-trials." To be sure, that is a possibility, but that would be the case even if the parties do not first address the issue of whether the "No Sugar" label is misleading. The magnitude of "what remains" is not a function of whether discovery is bifurcated.

The Seventh Circuit, moreover, has made it clear that such a prospect does not require rejection of an issue class. *Jacks v. DirectSat USA, LLC*, 118 F.4th 888, 898–99 (7th Cir. 2024) ("neither we nor the Supreme Court has held that issues certified pursuant to Rule 23(c)(4) must resolve *all liability* in one fell swoop, and Rule 23(c)(4)'s text contains no such limitation"). Accordingly, "it is not uncommon for class actions to have a 'final phase' for class members to submit individualized proof of a claim. *Suchanek*, 764 F.3d 750, 756 (7th Cir. 2014); *Svoboda v. Amazon.com Inc.*, 168 F.4th 956, 964 (7th Cir. 2026) ("After proving a defendant's actions relevant to liability, each claimant must show that those actions harmed them. A phase requiring individual presentations of proof on all (or part of) an element of a claim does not defeat predominance.") (internal citation omitted).

What the plaintiffs seek to defer is class-wide discovery relating to causation, injury, and damages, which are, of course, individualized matters. They do not disagree with Chobani's assertion that phase one should include discovery relevant to the criteria in Rule 23(a), including full discovery into the Franco's purchases of Chobani's "Zero Sugar" product. The proposed bifurcation of discovery offers the possibility of avoiding the need for litigating class-wide and individualized issues entirely and, in the court's view, therefore provides a more efficient and practical approach to discovery in this case.

Accordingly, the court enters the following discovery schedule as to Phase One. Phase One discovery will be limited to the issue of whether Chobani's "Zero Sugar" label was deceptive under the reasonable consumer standard, except that full discovery of the plaintiffs is also permitted during Phase One. The parties will note that in light of the bifurcation of discovery, the Phase One schedule is more aggressive than the schedules proposed in the parties' status report.

| | |
|---|---|
| Chobani's Answer to Amended Complaint; discovery may begin | October 15, 2026 |
| Initial Disclosures | October 29, 2026 |
| Deadline to Seek Leave to Join Parties or to otherwise Amend | November 19, 2026 |
| Close of Phase One Fact Discovery | March 4, 2027 |
| Opening Phase One Expert Reports | March 25, 2027 |
| Phase One Rebuttal Expert Reports | April 15, 2027 |
| Phase One Reply Expert Reports | April 29, 2027 |

| | |
|---|---|
| Close of Phase One Expert Discovery | May 27, 2027 |
| Class Certification Motion | July 1, 2027 |
| Summary Judgment Motion(s) | July 1, 2027 |
| Daubert Motions | July 1, 2027 |
| Responses to Class Certification motion, Summary Judgment motion(s), Daubert motion(s) | July 29, 2027 |
| Replies to Class Certification motion, Summary Judgment motion(s), Daubert motion(s) | August 19, 2027 |
| Ruling Date for Phase One motions | December 17, 2027 |
| Phase Two | TBD |

Dated: September 24, 2026

John J. Tharp, Jr.
United States District Judge